ATTLEBORO MFG. CO. v. FRANKFORT MARINE, ACCIDENT & PLATE GLASS INS. CO.

FRANKFORT MARINE, ACCIDENT & PLATE GLASS INS. CO. v. ATTLEBORO MFG. CO.

(Circuit Court of Appeals, First Circuit. February 27, 1917. On Petition for Rehearing April 11, 1917.)

Nos. 1253, 1254.

1. ACTION ⊜⊃27(2)—AGAINST COMPANY—NATURE—TORT.

Where the several counts of a declaration against an indemnity insurance company alleged that by the terms of the policy the company had the right to defend any action brought against the insured, that it had undertaken the defense of such an action, and that because of its negligence in the conduct of the negotiations for settlement and of the defense a judgment was obtained against the insured far in excess of the amount of the policy, and which the insured had been compelled to pay, whereby it received damages, for which recovery was sought, the action sounds in tort, not in contract.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 183, 186–188, 192–194.]

2. INSURANCE ⊜⊃631—ACTION AGAINST INSURER—ACTION IN TORT—PLEADING —POLICY.

In an action in tort by the holder of an indemnity insurance policy to recover damages caused by the negligent defense by the insurer of an action against the insured, it was necessary to plead the provisions of the policy under which the insurer undertook the defense of the suit, to show the relationship between the parties, since there can be no actionable negligence, in the absence of some relationship between the parties.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1588, 1589.]

3. NEGLIGENCE ⊜⊃2—INTERFERENCE WITH RIGHTS—ANTICIPATION OF DAMAGE.

Where a person who knows or has reason to anticipate that the property or personal rights of another are so situated with reference to him that

⊜⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

they may be injured through his active intervention, it becomes his duty so to govern his action as not negligently to injure those rights.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 3, 4.]

4. NEGLIGENCE ⚖⇒1—LIABILITY—CONTRACTUAL RELATION.

Where the only relation between the parties is contractual, the liability of one to the other for negligence must arise from some positive duty, which the law imposes because of the relationship, or because of the negligent manner in which some act required by the contract was done; the mere breach of an executory contract not being the basis of an action in tort.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 1.]

5. INSURANCE ⚖⇒622(1)—LIABILITY ON POLICY—LIMITATION OF ACTIONS—ACTION FOR TORT.

The provision in an indemnity insurance policy that no action should be brought by the insured against the company thereon after the expiration of the period from the date of the accident within which an action might be brought against the insured, unless a suit was pending at the expiration of that time, does not apply to a suit by the insured in tort to recover damages for the negligent defense by the company of an action against insured.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1540, 1544.]

6. INSURANCE ⚖⇒621—CONSTRUCTION OF POLICY—LIMITATION OF SUITS.

A provision in an indemnity insurance policy limiting time within which suits may be brought thereon is in derogation of a common-law right, and not entitled to a broad construction.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1542, 1543.]

7. INSURANCE ⚖⇒514—INDEMNITY INSURANCE—LIABILITY OF INSURER—NEGLIGENCE—DEFENSE OF SUIT.

Where an indemnity insurance policy gave the insurer the right to defend any action against the insured, though it did not require it to undertake such defense, the insurer is liable to the insured for damages occasioned by its negligence in the conduct of a defense which it had undertaken under the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1298.]

8. LIMITATION OF ACTIONS ⚖⇒55(2)—ACCRUAL OF RIGHT OF ACTION—NEGLIGENCE IN DEFENSE OF SUIT.

A right of action for the negligence of an indemnity insurance company in the defense of a suit against the insured did not accrue until the judgment recovered in that action was paid, or at least until the verdict was rendered.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 300.]

9. INSURANCE ⚖⇒156(1)—AGENCY—EXISTENCE OF RELATION—CONTRACT TO DEFEND SUIT.

An indemnity insurance company, which elects to exercise its right under the policy to defend an action brought against the insured, is not the agent of insured in the defense or settlement of the suit, but is rather in the position of an independent contractor; the conduct of the defense and settlement being in no wise subject to the direction of insured.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 316–318, 320–322.]

10. INSURANCE ⚖⇒73—INDEMNITY INSURANCE—LIABILITY OF INSURER—DEFENSE OF SUIT—ACTS OF AGENT.

Where an indemnity insurance company elected to defend a suit brought against insured, its agent employed to conduct the defense was not the agent or subagent of insured, but was the agent of the company, for whose acts within the scope of his authority the company was liable.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 99, 100.]

⚖⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

11. Insurance ☞93—Indemnity Insurance—Liability of Insurer—Defense of Suit—Negligence of Attorney.

The fact that an agent to whom an indemnity insurance company intrusted the defense of an action against insured was an attorney at law does not relieve the company from liability to insured for his negligence in the conduct of the defense.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 123.]

12. Principal and Agent ☞21, 22(1), 121, 122(1)—Proof of Agency—Testimony of Agent—Declarations.

An agent is a competent witness upon the issues of his agency or authority, though those issues cannot be established by the supposed agent's declarations.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 39, 40, 413–416, 418.]

13. Evidence ☞121(2)—Res Gestæ—Declarations of Agent.

After proof by competent evidence that an agent of an indemnity insurance company was authorized by it to negotiate for a settlement of an action against insured, the agent's declarations in attempting to make the settlement are admissible as part of the res gestæ in an action by the insured to recover damages for company's negligent conduct of the defense and negotiations for settlement.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 308.]

On Petition for Rehearing.

14. Insurance ☞512—Indemnity Insurance—Liability of Insurer—Negligent Defense of Action.

In an insurance policy indemnifying insured against liability for injuries to employés caused by his negligence, and giving insurer the right to defend or settle any action against insured, a clause limiting the liability of insurer in respect to any one employé to $5,000 is no defense to an action by insured against insurer for the latter's negligence in conducting the negotiations for settlement and the defense of an action by an employé, as a result of which negligence insured was compelled to pay a sum largely in excess of the amount of the insurance.

In Error to the District Court of the United States for the District of Massachusetts; Clarence Hale, Judge.

Action by the Attleboro Manufacturing Company against the Frankfort Marine, Accident & Plate Glass Insurance Company. Judgment for the plaintiff for part of the amount claimed, and both parties bring error. Reversed and remanded, and petition for rehearing denied. See, also, 202 Fed. 293.

Alexander Lincoln, of Boston, Mass. (Sherman L. Whipple and Whipple, Sears & Ogden, all of Boston, Mass., on the brief), for plaintiff.

Charles F. Choate, Jr., Choate, Hall & Stewart, Frank W. Knowlton, and Robert Hale, all of Boston, Mass., for defendant.

Before DODGE and BINGHAM, Circuit Judges, and ALDRICH, District Judge.

BINGHAM, Circuit Judge. These are writs of error from a judgment in favor of the Attleboro Manufacturing Company against the Frankfort Marine, Accident & Plate Glass Insurance Company, entered in the District Court for Massachusetts, in an action brought to

recover damages alleged to have been suffered by the plaintiff through the defendant's negligence.

The Attleboro Manufacturing Company is a corporation engaged in the manufacture of jewelry, at Attleboro, Mass., and on the 8th day of July, 1902, procured from the defendant, the Frankfort Marine, Accident & Plate Glass Insurance Company, an employer's liability policy for the term of one year, from the 11th day of July, 1902, to the 11th day of July, 1903, wherein the defendant agreed to indemnify the plaintiff—

"against loss arising from legal liability for damages on account of bodily injury or death suffered by any employé or employés of the assured resulting from any and every accident of whatsoever nature or cause happening in, upon, or about the premises of the assured; * * * but the liability of the company in respect to any one employé suffering injury or death, shall in no case exceed the sum of five thousand dollars ($5,000), nor shall the total liability of the company in respect to any one accident resulting in injury to or the death of several employés in any event exceed the sum of ten thousand dollars ($10,000)."

In furtherance of its obligation to indemnify the plaintiff, the defendant agreed:

"That if any legal proceedings are taken to enforce a claim against the assured, covered by this policy, the company shall, at its own cost, undertake the defense of such legal proceedings in the name and on behalf of the assured, and shall have the entire control of such defense. But if the company shall offer to pay the assured the *full amount* for which the company is liable in respect to the claim sought to be enforced, it shall not be bound to defend any legal proceedings, nor be liable for any costs or expenses which the insured may incur in defending the same. * * * The company may undertake at its own cost the settlement of any claim, * * * and the assured shall not, except at his own cost, settle any claim nor incur any expense without the consent of the company thereto previously given in writing."

During the existence of the policy, and on the 28th of January, 1903, an accident occurred to one Hodde while employed in the plaintiff's business at Attleboro. As a result of the accident, an action was brought by Hodde against the Attleboro Company March 31, 1903, in the superior court of Massachusetts, and on January 7, 1907, a verdict having been returned for Hodde, judgment was entered in his behalf for the sum of $17,343.81. January 19, 1907, the Attleboro Company paid the judgment. Thereafter, but prior to May 13, 1911, when the present action was brought, the Frankfort Company paid the Attleboro Company the $5,000, and interest, called for in the policy.

The declaration in the present suit contains three counts. In the first count the plaintiff recites the issuance of the policy and the stipulations therein contained, above set forth. It then alleges the happening of the accident, the assertion of a claim of legal liability, the assumption by the defendant of the defense of the Hodde suit, and the entire and exclusive control thereof; that it was the duty of the defendant—

"in defending said suit to conduct itself with a reasonable degree of care, skill, and diligence commensurate with the duties and responsibility assumed by it, as aforesaid, but that defendant, unmindful of its duty in the premises, so carelessly, negligently, and unskillfully conducted and demeaned itself in the premises that the plaintiff in said suit recovered final judgment against this plain-

tiff in the sum of $17,343.81, which judgment this plaintiff has been compelled, on writ of execution issued against plaintiff by said superior court, at the instance of said Hodde, to satisfy and pay in full, principal, interest, and costs; that the aforesaid negligence and misconduct of the defendant consisted in this: That defendant, although given by plaintiff timely and ample notice of said accident, claim and suit, negligently failed to make any timely, proper, or intelligent investigation touching the facts and circumstances under which said bodily injuries were sustained by said William Hodde, Jr., whereby material evidence favorable to this plaintiff, would, could, and should have been produced at the trial of said suit, was not produced or offered thereat on this plaintiff's behalf; that no intelligent, adequate, or timely preparation was made by the defendant in this suit for the trial of said suit of said William Hodde, Jr.; that competent and legal evidence material to the issues in said suit, and tending to exculpate this plaintiff of liability therein, and which was known, available, and accessible to defendant herein, and which could and should have been produced on this plaintiff's behalf on the trial of said suit, was not produced or offered by defendant; that it was charged by said Hodde in said suit that his said injuries had been caused by the negligence of this plaintiff, as it was alleged, in furnishing said Hodde with a defective and unsuitable pitcher for carrying certain acid, which claim that said pitcher was defective and unsuitable was denied by plaintiff, so that the actual condition of said pitcher became and was one of the vital issues on the trial of said suit; that said pitcher, if it had been offered in evidence on the trial of said action, would have tended strongly to rebut and negative said charge of negligence of said Hodde, and would on said trial have seriously impaired the weight and credibility of the evidence offered on his behalf; that this plaintiff, before the trial of said suit, at defendant's request, delivered into defendant's custody and care the said pitcher, but the defendant, instead of taking care of the same, carelessly and negligently permitted said pitcher to become lost or destroyed, so that it was not and could not be used or offered in evidence in this plaintiff's behalf on the trial of said suit. And plaintiff states that it was by reason of the aforesaid negligence, carelessness, and unskillfulness of defendant in and about the premises that said judgment was rendered against this plaintiff and became final as aforesaid."

In the second count, after reciting the issuance of the policy and the stipulations therein contained, with reference to the payment of the indemnity, the defense of the suit, and settlement thereof, it was alleged that:

"Thereupon, by the terms of said policy, the defendant acquired the right and it became the defendant's duty either to pay the plaintiff the sum of five thousand dollars ($5,000), the amount of the indemnity provided for in said policy of insurance, or in the alternative, acting in behalf of the plaintiff, to take charge of said claim against the plaintiff and of negotiations for settlement of said claim by way of compromise, and to take entire control of the defense of the suit brought in behalf of said Hodde to enforce said claim"; that "the defendant elected the alternative, and thereafter did in fact take charge of said claim and of negotiations for settlement thereof, and undertook the defense of said suit"; that "it entered into various negotiations with said Hodde's counsel and representatives, caused the appearance of its attorneys to be entered in court as attorneys for this plaintiff, entered upon the preparation of the defense of said suit and had entire and exclusive control of said claim and negotiations for settlement thereof and of the defense of said suit throughout the pendency thereof"; that "it became the duty of the defendant, having undertaken in the plaintiff's behalf, and for a consideration, the exclusive control and management of said claim and the negotiations for settlement thereof, and the defense of said suit to enforce said claim, to conduct itself in respect to such negotiations for compromise and the management of the defense of said claim and suit with a reasonable degree of care, skill and diligence for the protection of the plaintiff's interests, and, among other things, it became the defendant's duty to report to the plaintiff seasonably, in order to permit the

240 F.—37

plaintiff to act thereon, any offers for settlement of said claim. But the plaintiff says that the defendant was negligent in the performance of the duties which it assumed, and wholly failed in the diligent performance thereof, in that it entirely failed to conduct said negotiations for settlement by way of compromise with reasonable skill and diligence, failed to report to the plaintiff offers of settlement made by said Hodde's representatives in compromise of said claim, whereby the plaintiff might have settled said claim by a reasonable compromise at its own cost; and, furthermore, immediately preceding the trial of said suit, although it was advised that the plaintiff was under a legal liability to said Hodde and that the injuries sustained by said Hodde were severe and permanent, carelessly and negligently, and against the plaintiff's protest and the advice of its own counsel, declined and refused to cause said suit to be settled and adjusted according to an offer made in behalf of said Hodde for the sum of four thousand dollars ($4,000), towards which sum this plaintiff, though not bound so to do, offered to contribute voluntarily the sum of one thousand dollars ($1,000)."

The allegations of negligence in the third count are restatements of those alleged in the first and second counts, namely, negligence in the preparation and trial of the case and in the conduct of the negotiations for settlement.

The defendant filed a general denial, and for a further answer said:

"That if any acts or omissions of the character described in the plaintiff's declaration occurred, they occurred more than six years prior to the date of the writ in this cause."

At the trial the plaintiff was allowed to go to the jury upon the first count only of the declaration. The court also ruled that the evidence to be received would be limited to alleged negligent acts occurring prior to December, 1904, when Mr. Romney Spring, an attorney at law, was employed by the defendant to prepare and defend the case, and to these rulings the plaintiff excepted. May 20, 1914, the jury returned a verdict for the plaintiff in the sum of $4,750, and on October 18, 1916, judgment was entered thereon for $5,437.17 damages, exclusive of costs.

[1] The first contention made by the defendant under its first assignment of error is that the plaintiff's action as set out in the several counts of its declaration sounds in contract and not in tort. We do not regard this as a true conception of the allegations there made.

The first count is plainly based upon the idea that the defendant, having entered upon the task of defending the suit, was under a duty imposed by law to exercise due care and skill as respects the plaintiff's rights, which it could reasonably anticipate would be damaged if it failed to exercise such care, and that, by reason of its failure in this respect, it was responsible to the plaintiff for the damages it suffered.

In the second count it is alleged that the defendant undertook and entered upon the task of settling the suit, whereby it became its duty to exercise reasonable care and diligence to effect a settlement, but that through negligence it failed so to do.

The third count, as before stated, seeks to charge the defendant upon the grounds stated in both the previous counts. If the second and third counts are not so carefully drawn as the first, and if their concluding paragraphs, and perhaps some others, give the impression that the plaintiff's suit is for a breach of contract, and not for negligence, it is to be borne in mind that the allegations there made are

not the essential ones upon which the plaintiff's right of action proceeds and which are elsewhere stated.

The plaintiff does not seek in any of the counts to recover damages for a breach of contract, and the contract is not set out for the purpose of showing that its obligations have been broken by the defendant. The allegations of this character were made for the purpose of showing the relationship existing between the parties, and the rights of the plaintiff in the subject-matter as to which the defendant was dealing and which it was bound to anticipate might be infringed if it failed to use due care in the performance of the duties imposed upon it by law.

[2] The rule of reasonable care which lies at the foundation of actions for negligence has to do with one's acts with reference to the person, property, or rights of another. "It is a rule of relation. If there be no relation, there is nothing upon which the rule can operate. * * * Unless and until one is brought into relation with other men, or property, or rights, he has no obligation to act with reference to them; and this is true whether the obligation be called legal, moral, or reasonable." Garland v. Boston & Maine R. R., 76 N. H. 556, 563, 86 Atl. 141, 142, 46 L. R. A. (N. S.) 338, Ann. Cas. 1913E, 924. For this reason, and no other, it was essential for the plaintiff to set out in its declaration the stipulations of the policy into which the defendant had entered.

[3] It is a well-recognized rule in the law of negligence that, when one knows or has reason to anticipate that the person, property, or rights of another are so situated as to him that they may be injured through his active intervention, it becomes his duty so to govern his action as not negligently to injure the person, property, or rights of that other. Gill v. Middleton, 105 Mass. 477, 7 Am. Rep. 548; Tuttle v. Gilbert Mfg. Co., 145 Mass. 169, 13 N. E. 465; Dustin v. Curtis, 74 N. H. 266, 268, 67 Atl. 220, 11 L. R. A. (N. S.) 504, 13 Ann. Cas. 169; Pittsfield Cottonwear Co. v. Shoe Co., 71 N. H. 522, 533, 534, 53 Atl. 807, 60 L. R. A. 116; Rich v. Railroad, 87 N. Y. 382; Hubbard v. Gould, 74 N. H. 25, 28, 64 Atl. 668; Edwards v. Lamb, 69 N. H. 599, 45 Atl. 480, 50 L. R. A. 160; Conway Bank v. Pease, 76 N. H. 319, 82 Atl. 1068; Attleboro Mfg. Co. v. Frankfort Insurance Co. (C. C.) 171 Fed. 495; Tom v. Nichols-Fifield Shoe Machinery Co., 215 Fed. 881, 885, 132 C. C. A. 221.

[4] It is also a well-recognized rule that, where the only relation between the parties is contractual, the liability of one to the other, in an action of tort for negligence, must arise out of some positive duty which the law imposes because of the relationship or because of the negligent manner in which some act which the contract provides for is done, and that the mere breach of an executory contract, where there is no general duty, is not the basis of such an action. Dustin v. Curtis, 74 N. H. 266, 268, 67 Atl. 220, 11 L. R. A. (N. S.) 504, 13 Ann. Cas. 169, and cases there cited. It is not claimed in this case that the defendant was under a general duty to the plaintiff to defend or settle the suit. The claim is that, having actively intervened in the defense of the suit and in the settlement thereof, it was under a duty im-

posed by law to exercise due care not to injure the plaintiff's rights in what it did; and we so hold.

[5] The further position is taken, under this assignment of error, that the action is barred by the fourteenth clause of the policy, which reads as follows:

"That no action shall be brought by the assured against the company upon this policy, in any court, after the expiration of the period, from the date of the accident, within which an action for injuries or damages may be brought against the assured, unless a suit be pending against the assured, at the expiration of that time, in which event an action for indemnity under this policy may be brought against the company within sixty (60) days after the final determination of such action, and not afterwards."

[6] If the language of this provision is given its ordinary meaning, it amounts to nothing more than that no action to recover the indemnity provided for in the policy can be brought by the assured against the company after the expiration of six years from the date of an accident covered by the policy, unless, at the expiration of that time, a suit arising out of an accident is then pending, in which case an additional period of 60 days from the termination of the suit is to be allowed. There is nothing in the language disclosing an intention to place a limitation upon the time within which an action of tort may be brought against the company for breach of a duty imposed by law and arising out of its active intervention in the defence or settlement of a suit, or that any such right of action was in contemplation. Furthermore, the stipulation is a limitation in derogation of a common-law right, and its language is not entitled to a broad construction.

[7] The contention is also made that the defendant owed the plaintiff no duty to defend the suit; that, under the policy, that duty was assumed by the defendant for its own protection and benefit, and not that of the plaintiff. It is true that in the policy the defendant stipulated it should have the right to defend, and it no doubt acquired this right for its own protection; but this does not militate against the proposition that when it entered upon the defense of the suit, the law imposed on it, for the plaintiff's benefit, the duty of so conducting the defense as not negligently to injure the plaintiff's rights.

[8] The court did not err in ruling that the plaintiff's cause of action did not accrue until it paid "the judgment recovered by Hodde, or, at any rate, until the bringing in of the jury's verdict in Hodde's favor." A right of action for negligence does not accrue until actual damage is sustained, and the plaintiff cannot be said to have suffered actual damage prior to the return of the verdict, and probably not before the judgment was entered or paid. Sullivan v. Old Colony R. R., 200 Mass. 303, 86 N. E. 511; Church of Holy Communion v. Patterson, etc., R. Co., 66 N. J. Law, 218, 49 Atl. 1030, 55 L. R. A. 81; Haven v. Pender, 11 Q. B. D. 503, 507; Dodd v. Pittsburg, etc., Ry. Co., 127 Ky. 762, 106 S. W. 787, 16 L. R. A. (N. S.) 898; Miller v. Eskridge, 23 N. C. 147.

[9-11] By entering into the agreements contained in the policy, the defendant did not become the plaintiff's agent in respect to the defense or settlement of the suit. It stood rather in the position of an independent contractor, for it was given the control of the defense and

settlement of the suit, and was in nowise subject to the plaintiff's di-
rection. Furthermore, Mr. Spring, who was employed by the defend-
ant in December, 1904, to prepare and present the defense in the Hodde
suit, was not the plaintiff's agent or a subagent of the plaintiff appoint-
ed by the defendant for its benefit. The defendant had no authority to
appoint an agent or subagent for the plaintiff. The plaintiff did not
select him and had no authority or control over him. The defendant
had the exclusive control of the defense, which carried with it the
right to employ whomever it chose as its attorney and to direct him in
the management of the case as it saw fit. Under such circumstances,
Mr. Spring was the defendant's agent for whose conduct, while in its
service and acting within the scope of his employment, it was responsi-
ble. The mere fact that he was also an attorney at law did not excuse
the defendant from responsibility in this respect. Poucher v. Blanch-
ard, 86 N. Y. 256, 260. Apart from its duty to exercise due care, the
defendant was not required to employ an attorney at law to act for it
out of court in preparing the defense, or in court to present the defense.
It was no doubt a prudent thing to employ a skilled agent, as it usually
is when dealing with a matter calling for special knowledge and skill.

We are, therefore, unable to sanction the ruling whereby the plain-
tiff's evidence was limited to alleged negligent acts occurring prior to
Mr. Spring's employment.

The defendant also contends that no evidence was presented war-
ranting the submission of the case to the jury. It seems to us, how-
ever, after a careful examination of the record, that there was suffi-
cient evidence to warrant its submission to the jury; but, in view of
the fact that there must be a new trial, because the court erred in
ruling that the defendant was not responsible for negligence in the
preparation and trial of the case after it was turned over to its attor-
ney in December, 1904, and, as a result of which, much evidence was
excluded which the plaintiff was entitled to have admitted, we do not
deem it necessary or profitable to consider this contention further.

[12, 13] Certain declarations bearing upon the negligence charged in
the second count of the declaration, purporting to be declarations made
by the defendant's attorney while taking part in negotiations for a set-
tlement of the suit, and explanatory of his action at that time, were
offered in evidence by the plaintiff, and excluded. The reason for their
exclusion is not stated. It may have been because they related to acts
of negligence occurring subsequent to the employment of Mr. Spring,
and come under the ruling above considered, or it may have been be-
cause it did not appear, apart from the declarations, that Mr. Spring
was authorized to enter into negotiations for a settlement and, if such
was the fact, the declarations would not be admissible. An agent is
a competent witness upon the question of his agency or authority
(Clough v. Co., 75 N. H. 84, 86, 71 Atl. 223; 2 Wig. Ev. § 1078, note
4), and the fact may be proved in any other competent manner; but it
cannot be established by the supposed agent's declarations (Clough v.
Co., supra; Nowell v. Chipman, 170 Mass. 340, 49 N. E. 631; 2 Wig.
Ev. § 1078; 1 Greenleaf on Ev. [16th Ed.] § 184d). If, however, it
appeared at the trial or, at a subsequent trial, it shall be made to ap-
pear by competent evidence that Mr. Spring was authorized to ne-

gotiate for a settlement of the case, and, while engaged in that undertaking, made certain declarations explanatory of the action then being taken, such declarations would be admissible as a part of the res gestæ. In Cooley and Wife v. Norton, 4 Cush. (Mass.) 93, 95, the court said:

"The rule of law is, that when an agent is acting within the scope of his authority, his declarations accompanying his acts are admissible. * * * They are a part of the res gestæ, and may qualify the acts."

Greenleaf, in his book on Evidence (volume 1 [16th Ed.] § 184c), in discussing this question, says:

"The principal constitutes the agent his representative, in the transaction of certain business; whatsoever, therefore, the agent does while in the lawful prosecution of that business is the act of the principal whom he represents. And 'where the acts of the agent will bind the principal there his representations, declarations, and admissions respecting the subject-matter will also bind him if made at the same time, and constituting a part of the res gestæ.' They are of the nature of original evidence, and not of hearsay; the representation or statement of the agent in such cases being the ultimate fact to be proved, and not an admission of some other fact. * * * It is because it is a verbal act, and part of the res gestæ, that it is admissible at all; and, therefore, it is not necessary to call the agent himself to prove it; but, wherever what he did is admissible in evidence, there it is competent to prove what he said about the act while he was doing it."

See, also, Union Pocket Co. v. Clough, 20 Wall. 528, 540, 22 L. Ed. 406; Vicksburg & Meriden Railroad Co. v. O'Brien, 119 U. S. 99, 103–106, 7 Sup. Ct. 118, 30 L. Ed. 299; Nebonne v. Railroad, 67 N. H. 531, 38 Atl. 17.

Entertaining these views, we think there should be a new trial.

The judgment of the District Court is reversed, the verdict is set aside, and the case is remanded to that court for further proceedings not inconsistent with this opinion; and the plaintiff recovers its costs in this court.

### On Petition for Rehearing.

The petition for rehearing must be denied.

1. The defendant's duty to the plaintiff, as set out in the first and second counts of the declaration, does not depend upon whether it did or did not obligate itself in the policy to prepare and defend the Hodde suit, or to settle the same. As pointed out in our opinion handed down in this case on February 27, 1917, the plaintiff's right of action in the first count is based upon the ground that defendant entered upon the preparation and defense of the suit, and in the second count that it entered upon the task of settling it, and that in each case it was negligent in what it undertook to do. As each count sounds in tort, and is based upon a duty imposed by law, it is wholly immaterial whether the defendant was or was not under a contractual duty to prepare and defend the suit or to settle the same.

[14] 2. The clause in the policy providing that "the liability of the company in respect to any one employé suffering injury or death shall in no case exceed the sum of five thousand dollars" is not a defense to the action. The loss with reference to which the defendant agreed to indemnify the plaintiff in the policy, and with reference to

which its liability was not to exceed $5,000, was a loss sustained by the plaintiff through its negligent failure to perform a duty it owed to its employés. The plaintiff, however, in this action, is not seeking to recover from the defendant indemnity against loss which it sustained due to its own negligence, but to recover damages which it says it has sustained because of the defendant's negligence, a matter as to which the indemnity provided for in the policy and the limitation therein stipulated for have nothing to do. The limitation is upon .the defendant's obligation to indemnify the plaintiff, not upon its liability for damages occasioned the plaintiff through the defendant's negligence.

Petition denied.