## MANJON v. LEBRON.[*]

Circuit Court of Appeals, First Circuit.
December 27, 1927.

No. 2095.

**1. Pleading ⬅115—In ejectment, defendant's plea of general issue admits ouster of plaintiff, but denies his title.**

In action of ejectment, plea of general issue by defendant puts in issue plaintiff's title, and admits that defendant has entered possession and ousted plaintiff.

**2. Ejectment ⬅71—Defendant in ejectment, wishing only to deny that he ousted plaintiff, should file disclaimer and interpose plea denying that he entered into possession.**

Where defendant in ejectment does not desire to contest plaintiff's title and right of possession, but wishes to deny that he has ousted plaintiff, he should file disclaimer and interpose plea denying that he has entered into possession of premises.

**3. Judgment ⬅256(1)—In ejectment, judgment must conform to verdict as respects amount of land involved, or it will be vacated.**

In action of ejectment, judgment for plaintiff, describing land by that of adjoining owners and as being composed of 156.93 cuerdas, will be vacated, where verdict was that plaintiff was owner of property described in complaint, and complaint described land differently bounded and as composed of 195 cuerdas, more or less, since it is essential that judgment should conform to verdict.

**4. Appeal and error ⬅1050(1)—Principal and agent ⬅22(1)—Evidence that person entering premises made statements showing he was agent of defendant held inadmissible, and prejudicial error.**

In action for ejectment, in which it was necessary to prove that person taking possession of premises was defendant's agent, admission of evidence of statements or declarations of such person, tending to show he was agent of defendant, held prejudicial error.

[*] Rehearing denied February 15, 1928.

**5. Trial ⬅⟹420—Motion for directed verdict, made at close of plaintiff's evidence, but not renewed at close of all evidence, held waived.**

Defendant's motion for directed verdict, made at close of plaintiff's evidence, was waived, where it was not renewed at close of all evidence.

**6. Appeal and error ⬅⟹263(1, 3)—Exceptions must be taken to justify assignment that court erred in giving and refusing instructions.**

Assignment of error complaining that court erred in declining to give certain instructions and in giving certain instructions will not be considered, where no exceptions were taken to instructions given or to denial of instructions requested.

In Error to the District Court of the United States for the District of Porto Rico; Ira K. Wells, Judge.

Action by Nicholas Ortiz Lebron against Antonio Manjony Fernandez. Judgment for plaintiff, and defendant brings error. Judgment vacated, verdict set aside, and case remanded.

Nelson Gammans, of New York City (J. Ramirez Santibanez and B. F. Sanchez, both of San Juan, Porto Rico, on the brief), for plaintiff in error.

E. B. Wilcox, of San Juan, Porto Rico, for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an action of ejectment, brought in the United States District Court for Porto Rico, to recover the possession of certain land claimed by the plaintiff, of which he alleges the defendant had dispossessed him, and for damages. The plaintiff is a citizen of the United States, domiciled in Porto Rico; the defendant is a subject of the king of Spain, who resides and has his domicile in Spain; and the amount involved exceeds $3,000. The verdict of the jury was that the "plaintiff is the owner of the property described in the complaint and entitled to the possession thereof, and further that he is entitled to recover $3,500 damages."

The complaint, omitting the names of the parties, their citizenship, etc., reads as follows:

"2. That at all times mentioned in this complaint the plaintiff was the owner in fee, and now is the owner in fee, of the following described tract of land, situated within the municipality of Aibonito, P. R., to wit:

"'A tract of land lying within the barrio of "Pasto," of the municipality of Aibonito, Porto Rico, composed of 190 cuerdas, more or less, equivalent to 74 hectares, 67 areas and 74 centiares, bounded on the north by lands of Francisco Cervoni y Acisclo Solivan, on the south by lands of Jesus Gonzalez and Juan Rolon, on the east by land of Adelo Aponte and Antonio Manjon, and on the west by lands of Isidoro Diaz and Manuel Solivan.'

"And adjoining the foregoing described tract of land plaintiff is the owner in fee of another tract, within the same municipality and barrio, composed of 5 cuerdas, equal to 1 hectare, 96 areas, and 51 centiares, bounded on the north, south, east, and west by the tract of land above described, and lying within the same; the two said tracts composing one sole tract of 195 cuerdas, more or less, the said tract of land being worth not less than $20,000.

"3. Plaintiff further alleges that, being in the peaceful possession of the foregoing tract of land, during the month of August of the year 1924, the defendant, by his tenants, agents, and employees, without right or title or interest to or in the said tract of land described in paragraph 2 herein, unlawfully entered upon the said tract of land and dispossessed plaintiff of a considerable part thereof; that plaintiff has no certain knowledge as to how much of the said tract of land defendant claims, or claims to be in possession of, but plaintiff says that defendant, claiming to be the owner thereof, has deprived plaintiff of the possession of a portion thereof, the value of which, together with the damages suffered by plaintiff, as later herein set forth, amount to considerably more than the sum of three thousand dollars ($3,000) exclusive of interest and costs.

"4. Plaintiff further says that the defendant, by his tenants, agents and employees, after having unlawfully entered upon the property of the plaintiff as above alleged, cut, destroyed, and sold large quantities of valuable timber, damaged plaintiff's property by building a road thereon and using same, destroyed plaintiff's fences, all of which caused plaintiff to suffer actual damages in the sum and to the amount of $3,000, and defendant, since August, 1924, by his tenants, agents, and employees, has gathered coffee and other crops belonging to plaintiff on said land, all willfully, without right or leave, which said crops plaintiff says were worth $1,000.

"Wherefore plaintiff prays for judgment against the defendant herein; that plaintiff be adjudged to be the owner of the tracts of land described in paragraph 2 herein, and

entitled to immediate possession of all of same, and for damages suffered as herein alleged in the amount of $4,000 as actual damages; and that judgment be entered and awarded for treble the actual damages, as by law provided."

In his answer the defendant sets up as a first defense that the complaint does not state facts sufficient to constitute a cause of action.

As a second defense he denies (1) the allegations of the complaint as to the citizenship and domicile of the plaintiff; (2) the facts stated in paragraph 2 of the complaint as to the ownership of the property there described; (3) the allegations in paragraph 3 of the complaint, and specifically alleges that he "has never entered upon any tract of land of the plaintiff, nor has dispossessed the plaintiff of any tract of land by him personally, nor by persons authorized by him, nor has caused the said plaintiff damages"; and (4) denies the allegations of the fifth paragraph of the complaint. The jury having found a verdict in the terms above set out, a judgment was entered, which, instead of following the verdict and describing the land as set out in the complaint, described it as follows:

"A rural tract of land lying within the barrio of 'Pasto' of the municipality of Aibonito, Porto Rico, composed of one hundred and fifty-six and ninety-three one-hundredths (156.93) cuerdas, equivalent to 62 hectares, 90 areas, and 88 centares, and bounded on the north by lands of Nicholas Ortiz Lebron, formerly of A. Solivan, and lands of Francisco Cervoni and Felicita Montes; on the south by lands of Celestino Rolon, formerly Juan Rolon, and Jesus Gonzalez, formerly Isidoro Diaz, and those of Antonio Manjon formerly, now belonging to Manuel Fernandez; on the east by Adelo Aponte and Antonio Manjon formerly, now by Manuel Fernandez; and on the west by Jose Solivan, formerly Manuel Solivan, and Arcisclo Solivan."

It was ordered and adjudged that the plaintiff was the owner of the tract of land thus described and entitled to the immediate possession thereof, and that a writ of execution and possession issue to the marshal directing him to eject from the above-described tract the defendant, his agents, employees, and representatives, and any persons holding under or privy to him, and that the plaintiff be put into possession of the same. It further ordered and adjudged that the plaintiff recover the $3,500, as damages awarded by the jury, with interest. It is

from this judgment that the defendant brings this writ of error.

After the verdict and before judgment, the defendant filed a motion for a new trial, one of the grounds being that since the trial he had discovered evidence which established the fact that the tract of land, described in paragraph 2 of the complaint as containing 195 cuerdas, consisted of 156 cuerdas, and not 195; that this fact was material to the issue tried; and appended thereto a certificate of the registry of property disclosing that out of the 195 cuerdas tract two tracts of land had been conveyed away by an ancestor in title, and that a survey of the so-called 195 cuerdas tract showed that only 156.93 cuerdas remained. In the appended certificate it appears that this tract of 195 cuerdas, thus reduced to 156.93 cuerdas, is bounded and described the same as is the tract described in the judgment. Consequently the land described in the judgment is only a part of the 195 cuerdas tract and its boundaries, described by the names of the adjoining owners, are changed to conform to the changes in boundaries brought about by the two sales above mentioned.

Among his assignments of error the defendant complains that the court erred: (1) In that the judgment entered was not in conformity with the verdict of the jury; (2) in denying the defendant's motion for a directed verdict at the close of the plaintiff's case; (3) in overruling the motion for a new trial; (4) in entering judgment on the verdict; (5) in declining to instruct the jury as requested in five specific requests that were set out; (6) in charging the jury in seven specific particulars set out in the assignments; (7) in admitting six specific pieces of testimony; (8) in making certain remarks bearing upon this testimony; and (9) because it did not direct the jury to return a verdict for the defendant, on the ground that no recovery of rents and profits could be had from the defendant, as there was no evidence that he, if in possession of the plaintiff's property at all, acted in bad faith.

[1, 2] For a proper understanding of the issues in this case it is necessary to know the effect of the pleas commonly employed in defense of the action. By a plea of the general issue the defendant puts in issue the plaintiff's title to the land demanded. In other words he says that the plaintiff is not lawfully seized of the demanded premises and entitled to possession. And by this plea he admits that he has entered into possession and ousted the plaintiff. Then, again, if the defendant does not desire to contest the plain-

tiff's title and right of possession, but simply to deny that he has entered into possession and ousted the plaintiff, he should file a disclaimer, thereby admitting the plaintiff's title and right of possession, and interpose a plea denying that he has entered into possession of the premises and ousted the plaintiff. See 9 R. C. L. S. 4, pp. 830, 831; Wendell v. Abbott, 45 N. H. 349; Cocheco Mfg. Co. v. Whittier, 10 N. H. 305, 309.

While the pleas filed in this case do not accord with good pleading and render some of the issues involved obscure, yet in view of the admission of the defendant at the trial that the plaintiff had the title and right of possession to the demanded premises, we think the case should be considered as though the defendant had filed a disclaimer, admitting the title and right of possession of the plaintiff, and relied in defense of the action upon that portion of the answer in which he set out that neither he personally nor by persons authorized by him had ever entered upon the demanded premises and dispossessed the plaintiff thereof.

[3] The evidence disclosed that the 195 cuerdas tract contained only 156.93 cuerdas. This was shown by a witness who was a surveyor and produced a plan, the survey for which the plaintiff had caused him to make at a date prior to the trial. How the change in area was effected the evidence fails to show. The plan, however, gives the bounds of the tract and the names of the adjoining owners. It is essential that a judgment should conform to the verdict, and, as the one entered in this case does not, we think the first assignment of error must be sustained, and the judgment vacated.

[4] It appeared that the defendant lived in Spain, had not been in Porto Rico for 25 years, and had not personally entered upon the demanded premises and ousted the plaintiff. There was evidence that he owned a tract of land, adjoining the demanded premises on the east, upon which his nephew, Manuel Fernandez, lived either as tenant or agent of the defendant; that Manuel Fernandez had entered upon the demanded premises, destroyed the fences on its eastern boundary, harvested two coffee crops, cut down and carried away coffee and timber trees, and constructed a road through the tract. Now, as the defendant admitted the plaintiff's title and right of possession, but denied that he personally or any one by him authorized had entered upon the plaintiff's property and dispossessed him, and there was no evidence that the defendant had personally entered upon the premises in question,

the issue presented at the trial, and which it became essential for the plaintiff to establish, was whether Manuel Fernandez, in entering into the demanded premises, taking possession thereof, and doing the damage complained of, did so as the duly authorized agent of the defendant.

In his endeavor to prove this question of agency, the plaintiff offered as evidence through different witnesses statements or declarations of Manuel Fernandez tending to show that he was the agent of the defendant in doing the acts complained of. This evidence was objected to, on the ground that the declarations of Fernandez, the alleged agent, were mere hearsay, and incompetent to establish agency. It is contended on the part of the plaintiff that the defendant, in stating the objection and taking his exception to this line of evidence, did not, on each occasion, state the nature of his objection, and that in any instance where he so failed he cannot avail himself of his exception, as otherwise the court would not know the nature of the objection and be misled.

But this contention is without merit in this case, for the defendant, at various times when this line of evidence was offered, stated the nature of the objection upon which he based his exception, so that the court could not have been misled. This line of evidence was among the most potent of all the testimony submitted bearing upon the question of agency. The jury were not only permitted to consider it, but on one occasion late in the trial, while counsel for the defendant was objecting to its admission on the ground that it was hearsay, the court, in overruling his objection, gave special weight to all of this testimony by stating in the presence of the jury that "there is testimony of every other witness that has so far taken the stand that Mr. Fernandez stated that he was the representative of the owner of the finca, Mr. Antonio Manjon." The evidence was incompetent to establish agency. Attleboro Mfg. Co. v. Frankfort Marine, etc., Ins. Co. (C. C. A.) 240 F. 573, 581; Nowell v. Chipman, 170 Mass. 340, 49 N. E. 631; 2 Wigmore's Ev. § 1078; 1 Greenleaf on Ev. (16th Ed.) § 184d. It was not only incompetent for this purpose, but was rendered highly prejudicial. The assignments of error relating to this class of evidence are sustained.

[5, 6] The motion for a directed verdict at the close of the plaintiff's evidence, not having been renewed at the close of all the evidence, was waived. As no exceptions were taken to the instructions given the jury, or to the denial of the instructions requested,

and here assigned as error, the defendant takes nothing by those assignments. No motion was made at the close of all the evidence that a verdict be directed for the defendant, as stated in the last assignment. We do not find it necessary to consider the other assignments.

The judgment of the District Court is vacated, the verdict is set aside, and the case is remanded to that court for a new trial, with costs in this court to the plaintiff in error.