Fremont-Smith, J.
The above-captioned action arises out of a contract for errors and omissions insurance (hereinafter “insurance contract”) provided by Utica Mutual Insurance Company (hereinafter “defendant”) to Herbert A. Sullivan, Inc., J. Herbert Sullivan Insurance Agency, Inc., and Petroleum Insurance Agency, Inc. (hereinafter “plaintiffs”). In 1993, a customer of the plaintiffs commenced an action against them, alleging over-charges for premiums and negligent failure to procure environmental coverage. Defendant initially undertook a defense of this suit, but when an amended complaint was filed against the plaintiffs, defendant determined that the claims were not covered by the insurance policy, disclaimed coverage, and withdrew from the defense of the lawsuit.
Thereafter, plaintiffs filed the instant suit against the defendant, alleging counts for a declaratory judgment (Count I), negligence (Count II), breach of contract (Count III), violation of G.L.c. 176D (Count IV), and violation of G.L.c. 93A, §§9 and 11 (CountV).
For the following reasons, defendant’s motion is ALLOWED in part, and DENIED in part; plaintiffs’ cross-motion is DENIED.
DISCUSSION
I. Breach of Contract (Count III)
Plaintiff claims that defendant breached its duty under the insurance contract by withdrawing its defense. However, it is well settled that the duty to defend is determined by a comparison of the allegations in the underlying complaint with the insurance contract. Liberty Mutual Ins. Co. v. SCA Services, Inc., 412 Mass. 330, 331-32 (1992) (“[T]he question of the . . . duly of a liability insurer to defend third-party actions against the insured is decided by matching the third-party complaint with the policy provisions . . .").
In the instant case, the insurance contract between the defendant and plaintiffs specifically limited coverage to losses arising out of “negligent acts, errors, or omissions in the conduct of the insured’s business . . .” Moreover, the policy expressly excluded from coverage “(a]ny dishonest, fraudulent, malicious, or criminal conduct committed or alleged to have been committed by . . . the insured,” and “(a]ny liability for money received by an insured for . . . premiums ...”
The customer’s amended complaint against the plaintiffs alleged premium overcharges, and fraudu *371 lent acts of concealment by the plaintiffs, but did not allege negligence. As each of the allegations of the amended complaint was expressly excluded from coverage, defendant no longer had a duty to defend the lawsuit, and properly withdrew its defense. As such, defendant’s motion for summary judgment concerning Count III is allowed, and plaintiffs’ cross-motion as to this count is denied.
II.Negligence (Count II)
Plaintiffs also claim negligent representation by the attorneys appointed by the defendant to represent them before the filing of the amended complaint, and seek to impute this negligence to the defendant. Defendant counters by asserting that the retained attorney was an independent contractor, and, therefore, that any negligence by him is not attributable to the defendant.
Massachusetts case law has not directly addressed whether the negligence of an attorney who represents an insured may be attributed to the appointing carrier. However, in Attleboro Mfg. Co. v. Frankfort Marine, Accident & Plate Glass Ins. Co., 240 F. 573, 581 (1st Cir. 1917), the Circuit Court of Appeals held that because the carrier had the exclusive control of the defense, including the right to choose the defending attorney and to direct him in the management of the case, the chosen attorney was the carrier’s agent for whose negligent conduct the carrier was responsible. Although decided in 1917, this case appears to be the last and only word construing Massachusetts law on this issue.
In the instant case, the insurance contract defines “litigation expense” as “fees and disbursements charged by any attorney retained by us, or hired by you with our written consent, to defend a suit against you.” (Emphasis added.) Additionally, the contract provides that “[i]t is a condition precedent to the application of the insurance afforded herein that you shall . . . [c]ooperate with us in effecting settlement and in the conduct of suits, including attending hearings, giving depositions, securing and giving evidence, obtaining the attendance of witnesses, and in giving written statements to our representatives and meeting with our representatives for the purposes of investigation and/or defense.”
Based upon these provisions, which Eire analogous to the policy provisions in Attleboro, supra, it is evident that the defendant retained control over the defense until it withdrew from the case. As in Attleboro, this court finds, as a matter of law, that the attorney appointed by the defendant for the plaintiffs’ defense in the underlying action against it, was the defendant’s agent, so that any negligence of the appointed attorney acting within the scope of his employment may be attributed to the defendant. Thus the defendant’s motion for summary judgment as to Count II is denied. Furthermore, since any alleged negligence of the appointed attorney is disputed, plaintiffs’ cross-motion as to Count II is also denied.
III.Violation of G.L.c. 176D (Count IV)
Plaintiffs also seeks to recover pursuant to G.L.c. 176D. However, there is no independent private right of action under this statute. Dodd v. Commercial Union Ins. Co., 373 Mass. 72, 75 (1977) (“176D provides no remedy for individuals injured by unfair or deceptive insurance practices . . .”). Therefore, defendant’s motion for summary judgment is allowed as to Count IV.
IV.Violation of G.L.c. 93A (Count V)
Plaintiffs also bring claims for alleged violations of G.L.c. 93A, §§9 and 11. An action may not be brought under §9 of the statute unless a demand letter has been delivered to the prospective defendant at least thirty days prior to the tiling of any action. In the instant case, plaintiffs have failed to demonstrate, or even allege, that they fulfilled this requirement. As such, defendant’s motion is allowed concerning plaintiffs’ claim under this section of the statute, and plaintiffs’ cross-motion is denied. See Spilios v. Cohen, 38 Mass.App.Ct. 338, 342 (1995).
Plaintiffs further claim that the defendant’s failure to provide coverage under the insurance contract, failure to continue its defense of the plaintiff in the underlying action, failure to provide a nonnegligence defense to the underlying action, and failure to renew the insurance contract with plaintiffs, each violated §11 of the statute.
It has already been determined, however, that the defendant was justified in not continuing coverage in the underlying action after the amended complaint was filed. See Part I, supra. As for defendant’s non-renewal of the insurance contract, the contract between the parties expressly indicated that defendant reserved the right not to renew, so that defendant’s exercise of this right cannot be deemed a violation of c. 93A. Finally, it is well settled that negligence, standing by itself, does not amount to a violation of c. 93A. Glickman v. Brown, 21 Mass.App.Ct 229, 235-36 (1985). Therefore, even if defendant’s defense of the underlying action, prior to its justified withdrawal, was negligent, such negligence does not constitute a violation of c. 93A, §11. As such, defendant’s motion concerning plaintiffs count under this section of the statute is allowed, and plaintiffs’ cross-motion is denied.
V.Declaratory Judgment (Count I)
Plaintiff also seeks a declaratory judgment stating that an actionable and justiciable controversy exists between defendant and plaintiff concerning whether the insurance contract covered a judgment for damages in the underlying action against plaintiffs, and/or whether it provided for the continued defense of the plaintiffs in that action. For the reasons set forth in Part I, supra, defendant’s motion concerning this *372 count is allowed, and plaintiffs’ cross-motion is denied.
ORDER
For all of the foregoing reasons, it is hereby ORDERED that defendant’s motion for summary judgment is ALLOWED as to plaintiffs’ claims for declaratoiy judgment (Count I), breach of contract (Count III), violation of G.L.c. 176D (Count IV), and violation of G.L.c. 93A, §§9 and 11 (Count V), but defendant’s motion for summary judgment is DENIED as to plaintiffs’ claim for negligence (Count II). Plaintiffs’ cross-motion for summary judgment is DENIED as to all counts.