## GENERAL MOTORS ACCEPTANCE CORPORATION *v.* DUNN MOTORS INCORPORATED.

No. 7691. February 27, 1931.

402

*Clarence L. Powell* and *Harry S. McCowen,* for plaintiff in error.
*Paul T. Chance,* contra.

BECK, P. J. ■ This court is of the opinion that the paper referred to as a "trust receipt" is a valid and legal contract binding upon Dunn Motors Inc. There is no good and valid reason why the part of the contract "to return said motor-vehicles to said General Motors Acceptance Corporation or its order" should not be held binding upon Dunn Motors Inc. This company had paid to the Olds Motor Works the purchase-price of the automobiles in question, and a part of that purchase-money had been advanced to Dunn Motors Inc. by General Motors Acceptance Corporation, the latter receiving from the Olds Motor Works a bill of sale to the automobiles. Having used funds furnished by General Motors Acceptance Corporation to pay for the automobiles in question, Dunn Motors Inc. should not now be heard to set up and plead that General Motors Acceptance Corporation had never been "in the actual physical possession of the automobiles." They solemnly agreed, and their agreement is evidenced by this trust receipt, that the motor-vehicles were the property of General Motors Acceptance Corporation. They made this acknowledgment for a valuable consideration; and as between the two parties, the party that advanced the

money and the party that received it and used it, the latter is bound by the acknowledgment and the agreement. The first certified question ought to be answered in the affirmative.

In view of what is said above, General Motors Acceptance Corporation was not guilty of "unlawful repossession and conversion of the property" in question, when, after Dunn Motors Inc. had breached certain terms of the trust receipt, that company surrendered to General Motors Acceptance Corporation the property in controversy; and a suit based upon "unlawful repossession and conversion of the property" could not be maintained by Dunn Motors Inc. against the party to whom they had delivered the property.                    *All the Justices concur.*