19826.   GENERAL MOTORS ACCEPTANCE CORPORATION
*v.* DUNN MOTORS INCORPORATED.

*Clarence L. Powell, Harry S. McCowen,* for plaintiff in error.
*Paul T. Chance,* contra.

BLOODWORTH, J.   Dunn Motors Inc. brought attachment proceedings against General Motors Acceptance Corporation, followed by a declaration in attachment which, as amended, alleges in substance that petitioner was the owner and in possession of four new automobiles, which were described; that the General Motors Acceptance Corporation had an equity in and a first lien on said automobiles for $2,645; that said first liens are evidenced by written contracts in the defendant's possession; that the fair market value and list price of said automobiles was $4500; that petitioner had paid to the manufacturer $563.82, and the remaining amount represented the profit to which petitioner, as the local dealer in said automobiles, was entitled; that said profit represented a property right in petitioner, based upon a valid consideration, as petitioner had large sums of money invested in said business and a monthly overhead expense of approximately $1000; that defendant, without legal process, took possession of said automobiles and moved them

away from petitioner's place of business; that defendant appropriated to its own use the said automobiles or the market value thereof, amounting to $4500, and has not accounted to petitioner therefor, though demand has been made for such accounting; and that petitioner, in order to collect said debt, sued out an attachment which was levied by summons of garnishment. The defendant filed a demurrer, which was overruled. In its answer it denied any indebtedness to the plaintiff, and alleged that the plaintiff held said automobiles by virtue of the terms of certain trust receipts, which were attached as exhibits; that in repossessing the automobiles the defendant was acting within the terms of the trust receipts; that said automobiles had not been released from the operation of the trust receipts; and that the plaintiff had paid the defendant nothing on account of said automobiles. The three trust receipts, attached as exhibits to the defendant's answer, are identical in form, and provide in part that "said motor-vehicles are the property of said General Motors Acceptance Corporation," and that Dunn Motors Inc. was "to return said motor-vehicles to said General Motors Acceptance Corporation or its order upon demand." Upon a trial of the case the jury rendered a verdict in favor of the plaintiff, Dunn Motors Inc. Defendant made a motion for a new trial, containing, in addition to the general grounds, two special grounds, one alleging error in the charge of the court, and the other alleging error on the refusal of the court to give a requested charge. The motion for a new trial was overruled, and to this ruling the defendant excepted.

This court certified to the Supreme Court the following questions: "1. The General Motors Acceptance Corporation never having been in actual physical possession of the said vehicles, is the said 'trust receipt' a valid and legal contract binding Dunn Motors Inc. by its terms, especially that portion thereof which requires Dunn Motors Inc. 'to return said motor vehicles to said General Motors Acceptance Corporation or its order upon demand'?" "2. If the foregoing question is answered in the affirmative, then where Dunn Motors Inc. breached certain terms of the 'trust receipt,' and the General Motors Acceptance Corporation demanded the possession of the automobiles covered by the 'trust receipt,' and Dunn Motors Inc. surrendered them to the General Motors Acceptance Corporation, which removed them from the place of busi-

ness of Dunn Motors Inc. and appropriated them to its own use, could an action based upon the unlawful repossession and conversion of the property be maintained against the General Motors Acceptance Corporation by Dunn Motors Inc.?" The Supreme Court answered (172 *Ga.* 400) : "1. This court is of the opinion that the paper referred to as a 'trust receipt' is a valid and legal contract binding upon Dunn Motors Inc. There is no good and valid reason why the part of the contract 'to return said motor-vehicles to said General Motors Acceptance Corporation or its order' should not be held binding upon Dunn Motors Inc. This company had paid to the Olds Motor Works the purchase-price of the automobiles in question, and a part of that purchase-money had been advanced to Dunn Motors Inc. by General Motors Acceptance Corporation, the latter receiving from the Olds Motor Works a bill of sale to the automobiles. Having used funds furnished by General Motors Acceptance Corporation to pay for the automobiles in question, Dunn Motors Inc. should not now be heard to set up and plead that General Motors Acceptance Corporation had never been 'in the actual physical possession of the automobiles.' They solemnly agreed, and their agreement is evidenced by this trust receipt, that the motor-vehicles were the property of General Motors Acceptance Corporation. They made this acknowledgment for a valuable consideration; and as between the two parties, the party that advanced the money and the party that received it and used it, the latter is bound by the acknowledgment and the agreement. The first certified question ought to be answered in the affirmative." "2. In view of what is said above, General Motors Acceptance Corporation was not guilty of 'unlawful repossession and conversion of the property' in question, when, after Dunn Motors Inc. had breached certain terms of the trust receipt, that company surrendered to General Motors Acceptance Corporation the property in controversy; and a suit based upon 'unlawful repossession and conversion of the property' could not be maintained by Dunn Motors Inc. against the party to whom they had delivered the property."

Under the foregoing rulings of the Supreme Court, the superior court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*