13290

TIGER RIVER PINE CO. v. MARYLAND CASUALTY CO.

(161 S. E., 491.)

*Messrs. Sawyer & Sawyer,* for appellant,

*Messrs. Hughes & Russell,* for respondent,

December 4, 1931.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The respondent is a corporation engaged in the sawmill business. The defendant is a corporation engaged in the business of indemnity insurance. It is alleged in the complaint that the defendant corporation insured the plaintiff corporation "against any loss for any liability imposed by law upon the plaintiff for damages on account of bodily injuries, including death, resulting therefrom accidentally

suffered, or alleged to have been suffered, by any employee of the insured while engaged within his employment, subject to the limitation of Five Thousand ($5,000.00) Dollars, of any one person so injured or killed."

A further term of the policy of insurance was to this effect: The defendant further contracted and agreed to defend in the name and on behalf of the plaintiff, the defendant to have exclusive control and direction of such defense, any suits or other proceedings which might at any time be instituted against the plaintiff on account of bodily injuries either suffered or alleged to have been suffered by any employee of the plaintiff, during the term of such policy, even though such suits, proceedings, allegations, and demands were false and groundless. And under the provisions of the policy the defendant reserved unto itself the exclusive right to compromise and settle all suits or claims, and the plaintiff was especially prohibited from making any compromise, settlement, or expenditure of any kind in connection with any such injuries, unless first authorized in writing by the defendant.

These facts are all set out in the complaint. It further appears from the complaint that during the currency of the policy one Chesser, an employee of the plaintiff, suffered an injury while engaged in the duties of his employment, resulting from an accident of a character contemplated and provided for by the policy, from which injury the employee lost the use of one arm. Plaintiff gave immediate notice of the accident to the insurance company; thereupon the defendant became possessed of, and exercised the exclusive right to compromise and settle, the claim; plaintiff was denied any right to treat with Chesser with a view to compromise or settlement; that Chesser was willing to settle for $100.00, of which fact plaintiff notified defendant, but defendant gave no heed to the information; that later Chesser offered to settle for $175.00, which was communicated to defendant, which communication was also ignored; that

thereafter Chesser brought action against this plaintiff and received a verdict for $7,000.00, which is $2,000.00 more than its contract of indemnity with defendant. The case went to the Supreme Court, and the judgment of the Circuit Court was affirmed. 155 S. C., 356, 152 S. E., 646.

The complaint alleges that the loss thus entailed on the plaintiff was due to the negligence of the defendant, its willful disregard of plaintiff's rights in the matter of the opportunities to settle for a nominal sum; its hostile attitude to plaintiff in behalf of its own interests; that conduct of defendant was "reckless, contumacious, and fraudulent, all with a view of its own interests to the wanton exclusion of the just rights of plaintiff."

It is further alleged that after the verdict of $7,000.00 against the plaintiff was rendered and pending the appeal, Chesser's attorneys offered to settle for $5,000.00, which plaintiff besought defendant to pay, but the defendant, "knowing well that in all reasonable possibility it had no chance to reverse or modify the judgment for $7,000.00, realizing that its conduct could but result in damage to plaintiff acting in bad faith and derogation of plaintiff's interests refused to settle."

The defendant demurred on the ground that the complaint does not state facts sufficient to constitute a cause of action, in that it does not set forth any breach of contract, or delict, on the part of the defendant.

The demurrer was heard by Judge Ramage, who in a short order overruled it, saying that at the hearing he was of the opinion that the demurrer ought to be sustained, but after considering the cases cited, especially the *Attleboro case* found in 17 N. C. A., 1068, and copied from the Federal Reporter (240 F., 573), he felt constrained to overrule it.

The appeal is from that order. The exceptions are six in number, but they all converge to the question whether an

action of the nature of that embodied in this action can be maintained.

This question apparently has not been considered by the Courts of this State.

Does the complaint state a cause of action either in contract or in tort for breach of contract, or of bad faith or negligence in the performance of contract? If it states a cause of action of the nature of any one of these stated, it is sufficient.

"The complaint * * * contains allegations appropriate to two causes of action, one arising *ex contractu,* and the other *ex delicto.* If they are sufficient to constitute either cause of action, the complaint is not demurrable." *Williams v. Philadelphia Life Ins. Co. et al.,* 105 S. C., 305, 89 S. E., 675, 676, citing *Cartin v. Railway Co.,* 43 S. C., 221, 20 S. E., 979, 49 Am. St. Rep., 829.

In the case of *Attleboro v. Frankfort Co.* (C. C. A.), 240 F., 573, 582, it is said: "As each count sounds in tort, and is based upon a duty imposed by law, it is wholly immaterial whether the defendant was or was not under a contractual duty to prepare and defend the suit or to settle the same."

His Honor, Judge Ramage, plants his change of opinion upon the cases cited, especially the case of *Attleboro Mfg. Co. v. Frankfort, etc., Co.* (C. C. A.), 240 F., 573. The appellant analyzes that case, in his brief, in an effort to show that the presiding Judge deduced a wrong conclusion from the opinion of that case.

It may be that the *Attleboro case* holds that the insurance company is not responsible if it makes a mistake in refusing to settle a claim when the matter of settlement is within its control under the contract of insurance, nevertheless it is authority for the proposition that the insurer must act in good faith, otherwise it will be responsible for consequent injury to the insured.

"Where an insurer under an employers' liability policy on being notified of an action for injuries to insured's servant assumed the defense thereof, and was negligent in conducting the suit, to the loss of the employer, the latter was entitled to sue the insurance company, for breach of its implied contract to exercise reasonable care in conducting the suit or in tort for negligence." *Attleboro Mfg. Co. v. Frankfort, etc., Co.* (C. C. Mass.), 171 F., 495. The same principle is announced in the rehearing of the same case reported in (C. C. A.), 240 F., 573. And such we find to be the prevailing opinion.

We do not find that the question has been decided by the Courts of this State, but there is strong authority from other jurisdictions.

Let it be borne in mind that we are dealing with a demurrer. The vital issue is: Does the complaint state a cause of action?

The appellant relies, also, in its brief upon the case of *Wynnewood Lumber Co. v. Travelers' Ins. Co.*, 173 N. C., 269, 91 S. E., 946, 947. That case expressly holds: "The only suggestion of a tortious act is in the language used with reference to the defendant's negligently refusing to settle the Jones claim for $1,000.00 or $2,500.00. A casual examination of the policy makes it clear that the parties agreed that the defendant should have the sole right to compromise and settle claims brought against the plaintiff. There is no allegation that this power was exercised by the defendant fraudulently, oppressively, or otherwise than in good faith."

In the case we are reviewing on this appeal the complaint contains specific allegations of negligence, fraud, and bad faith.

Appellant likewise stands upon the case of *Schmidt v. Ins. Co.*, 244 Pa., 286, 90 A., 653, 52 L. R. A. (N. S.), 126. Appellant's own quotation sustains the rule we have announced to be the general rule: "It is well-settled that these provisions in policies of insurance indemnifying em-

ployers against loss by injury, that the insurer shall have the exclusive right to compromise and settle such claims as are valid *if exercised in good faith.* * * * The insurer is also liable if it exercises the exclusive right of settlement in bad faith or for purposes of fraud to the injury of the insured." Citing *New Orleans & Carrollton Railroad Co. v. Maryland Casualty Co.,* 114 La., 153, 38 So., 89, 6 L. R. A. (N. S.), 562.

In the present case there are definite allegations of bad faith and fraud.

In *Douglas v. U. S. Fid. & Guar. Co.,* 81 N. H., 371, 127 A., 708, 711, 37 A. L. R., 1477, this matter is fully and ably discussed. From it we take some excerpts, some of which are taken from *Zinc Co. v. Fid. & D. Co.,* 162 Wis., 39, 155 N. W., 1081, Ann. Cas., 1918-C, 399:

"It seems to be admitted in all the cases that the insurer must act in good faith."

"If, as the cases roundly state, it has an exclusive and absolute option, no one can question its motives for * * * exercise of the privilege. No case has gone that far. *All acknowledge a liability for fraudulent conduct, or lack of good faith, in refusing to settle."* (Italics added.)

"The whole question of insurance against loss may be laid out of the case, and still the defendant would be accountable for negligence. It had contracted to take charge of the defense of this claim. That contract created a relation out of which grew the duty to use care when action was taken. The insurer entered upon the conduct of the affair in question. It had and exercised authority over the matter in every respect, even to negotiating for a settlement. It is difficult to see upon what ground it could escape responsibility when its negligence resulted in damage to the party it had contracted to serve." Citing the *Attleboro case, supra.*

"To hold that under such an agreement as this the insurer owes no duty to the insured would create the situation depicted by the Court in *Rumford Falls Paper Co. v. Fid. &*

*C. Co.,* 92 Me., 574, 583, 43 A., 503, 505. 'Thus the assured helplessly awaited the determination of the question whether in that instance its policy of indemnity was to be a shield in its own hands, or a sword in the hands of its antagonist.' "

In the annotations to the case of *U. S. Casualty Co. v. Johnstone Drilling Co.* (161 Ark., 158, 255 S. W., 890), 34 A. L. R., 727, the annotator at pages 750, 751 states this: "An insurer which has by the terms of a policy the exclusive right to settle claims arising against the assured, the assured being expressly prohibited in the policy from assuming any liability or interfering in any legal proceedings, or negotiations for settlement, must act with good faith towards the assured, and if, by refusing to compromise, the insurer acts with improper motives—as, to coerce the assured into bearing part of the expense of compromising for a sum within the liability covered by the policy, or slightly in excess thereof, in lieu of taking the risk of a large judgment being recovered, or goes to trial or appeals from an adverse judgment with view solely to its own interests to the exclusion of the just rights of the assured—it does so at the peril of probably being held liable for any sum recovered by the claimant, even though in excess of the face of the policy."

"It has been held that an insurer against liability for accidents which assumes the duty of defending a claim owes the assured the duty of settling the claim if that is the reasonable thing to do, and that, if the insurer negligently makes no serious attempt to settle until matters are in such a shape that the claim canot be settled as advantageously to the assured as formerly, the assured may recover of the insurer the loss so occasioned him."

Citing *Cavanaugh v. General Accident F. & L. Assur. Corp.,* 79 N. H., 186, 106 A., 604.

It is deemed unnecessary to cite authorities in support of the statement that if the complaint state any cause of action, it is error to dismiss it on demurrer.

We find no error.

Accordingly, the appeal is dismissed, and the order appealed from is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.

MR. JUSTICE COTHRAN did not participate on account of illness.