22369. DUNN MOTORS INCORPORATED *v.* GENERAL MOTORS ACCEPTANCE CORPORATION.

JENKINS, P. J. 1. Under the law of the instant case, as determined by the Supreme Court in answer to questions certified to it on the first appearance of the case in this court (*General Motors Acceptance Cor.* v. *Dunn Motors Inc.,* 172 *Ga.* 400, 157 S. E. 627), and by this court in its former decision (*General Motors Acceptance Cor.* v. *Dunn Motors Inc.,* 43 *Ga. App.* 275, 158 S. E. 626), the trust receipt executed by the plaintiff, Dunn Motors Inc., to the defendant, General Motors Acceptance Corporation, which recited the receipt by the plaintiff from the defendant of certain property, which the plaintiff agreed to hold at its own risk, and to return to the defendant or its order on demand, was "a valid and legal contract, binding on" the plaintiff, and the repossessing of the property by the defendant afforded to the plaintiff no right of action against the defendant for an alleged "unlawful repossession and conversion of the property." Since, by the express terms of the agreement, the plaintiff solemnly contracted to surrender to the defendant, on its demand, the property described, which was acknowledged to be the property of the defendant, the repossessing of the property by the defendant could not afford to the defendant any right of action for breach of contract. While it was alleged by the amendment to the plaintiff's petition, offered by the plaintiff after the former judgment in this court reversing a verdict in favor of the plaintiff, that the property in question was purchased by the plaintiff from a third person, a portion of the purchase-price being advanced by the defendant, and a bill of sale to the property being executed by the original seller to the defendant, and that the only relation between plaintiff and defendant was that of debtor and creditor, the instrument signed by the plaintiff and attached to the amendment being executed merely as security for the debt; that the facts stated in the trust receipt were not true, and that the plaintiff, on executing the receipt, had no knowledge of the nature and character of the terms therein embraced, there is nothing in the amendment going to indicate that any artifice or deception was practised upon the plaintiff to prevent its becoming acquainted with the terms of the contract, and nothing to indicate that the officer of the plaintiff, who

executed it on behalf of the plaintiff, was laboring under any disability which prevented his becoming acquainted with the terms of the agreement. Accordingly, there was nothing alleged in the amendment to take the transaction from within the operation of the law of the case as adjudicated and determined by the Supreme Court and by this court.

2. The instant case was transferred to this court by the Supreme Court, and by the order of transfer it was held that the rejected amendment of the plaintiff, by which it was sought to be alleged that the trust receipt attached to the pleadings was violative of art. 1, sec. 1, par. 3 of the constitution of Georgia, providing that the property of the citizen shall not be seized or taken away from him except by due process of law, did "not involve a construction of the constitution of the State of Georgia, or that of the United States, within the meaning of those instruments." Moreover, the plaintiff having solemnly contracted that the property described in the trust receipt was the property of the defendant, its being repossessed by the defendant was necessarily not a seizing or taking away of the property of the plaintiff, but a taking of property to which the defendant owned the complete title, both legal and equitable.

3. The case is not analagous to one in which property deposited with a creditor as security for a debt is sold by the creditor, and an obligation upon the creditor to account to the debtor for any amount the property might bring in excess of the amount of the debt might arise; nor is it analagous to a case where property is sold and delivered with the condition that the title remain in the vendor until payment of the purchase-price, in which a vendor, on repossessing the property, might be held to have rescinded the contract and to be required to account to the vendee for sums paid on the purchase-price, less the value of the use of the property. The action of the defendant in reacquiring possession of the property could not, under the law of the case as determined by this court and by the Supreme Court, give rise to an action in tort on the theory that such action amounted to a conversion of the property of the plaintiff, nor to an action in contract for a breach of the agreement entered into.

4. Under the foregoing rulings, the court did not err in rejecting the proffered amendment to the petition, and in thereafter sustaining the demurrer to the petition as amended.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED FEBRUARY 17, 1933.

*Paul T. Chance,* for plaintiff.

*Clarence L. Powell, Harry S. McCowen,* for defendant.