## JAMES STEWART & CO., Inc., v. NATIONAL SHAWMUT BANK OF BOSTON.
### No. 2861.

Circuit Court of Appeals, First Circuit.
March 14, 1934.

H. R. Bygrave, of Boston, Mass., for appellant.

Thomas Hunt, of Boston, Mass. (Gaston, Snow, Saltonstall & Hunt, of Boston, Mass., on the brief), for appellee.

Before WILSON and MORTON, Circuit Judges, and PETERS, District Judge.

MORTON, Circuit Judge.

This is an appeal by the plaintiff from a judgment of the District Court sustaining a demurrer to the plaintiff's declaration. The action was at common law, and the declaration alleged, in substance, that the defendant was a compensated trustee of the Washington Central Trust, a voluntary association having transferable shares; that as such trustee it contracted with the plaintiff for the latter to erect a building on land owned by the trust; that under this contract the liability of the defendant was expressly limited to the amount of the trust property in its hands; that after having made the contract with the plaintiff the defendant as trustee so carelessly, negligently, and improperly managed the trust property that said property was lost; whereby, when the defendant had completed its contract, as it did according to the terms thereof, there was nothing in the trustee's hands with which to pay it. The District Judge was of opinion, very properly, we think, that, in view of the probable length and expense of trial on the merits, substantial doubt as to liability ought to be resolved against the plaintiff on the demurrer. The trust agreement under which the defendant acted is not set out; but the defendant asserts, and the statement is not denied, that under it the trustee's only expressed obligation was to the shareholders in the trust. We accept this as true.

This action being at law, the question before us is whether the defendant, by making the contract with the plaintiff, came under a legal duty to the plaintiff to use reasonable care and diligence in safeguarding the trust property, from which, and from which alone, the plaintiff was to be paid. We entertain no doubt that it did. There are many instances in the law in which a person, by making a contract with another person, creates a legal duty of care towards a third person. The point is discussed with acuteness and learning, and the authorities are referred to by Judge Cardozo in Glanzer v. Shepard, 233 N. Y. 236, 135 N. E. 275, 23 A. L. R. 1425. It is unnecessary to restate the discussion. In that case the defendants were employed by the sellers of merchandise to weigh the goods sold. They knew that their weights would be accepted by the buyers. The weighing was carelessly done to the damage of the buyers; and they were allowed to recover their loss from the defendants. The present case is much less extreme. Here, the bank was in direct relations with the plaintiff. It made a contract with the plaintiff calling for large expenditures by the latter, which were to be repaid only from the trust property in the hands of the bank. If the trust fund had consisted of tangible property, like jewels, in the possession of the defendant, against the value of which the contract was made, nobody would doubt that the making of the contract put upon the defendant the duty of exercising due care and diligence on the plaintiff's behalf to keep them safely; nor that the plaintiff would have a right of action for breach of that duty. The principle is the same whatever form the trust property takes. "It is a well-recognized rule in the law of negligence that, when one knows or has rea-

son to anticipate that the person, property, or rights of another are so situated as to him that they may be injured through his active intervention, it becomes his duty so to govern his action as not negligently to injure the person, property, or rights of that other." Bingham, J., Attleboro Mfg. Co. v. Frankfort Marine Acc. & Plate Glass Ins. Co. (C. C. A.) 240 F. 573, at page 579. Even a volunteer may, by undertaking an act which did not legally concern him, assume duties for breach of which he will be liable. Attleboro Mfg. Co. v. Frankfort Marine Acc. & Plate Glass Ins. Co., supra; Glanzer v. Shepard, supra; Douglas v. U. S. F. & G. Co., 81 N. H. 371, 127 A. 708, 711, 37 A. L. R. 1477. The conservator of a fund against which obligations have been issued certainly owes a duty to care for it properly, not only to persons by whom the fund was established and the obligations issued, but also to the persons by whom the obligations are held, especially when those obligations run in the name of the conservator, though limited to the property in its hands.

We have no occasion to consider whether it was an implied term of the contract, made between the defendant and the plaintiff, that the former would take reasonable care of the trust fund in its possession from which payments under the contract were to be made, nor whether the arrangement between the parties gave the plaintiff an equitable interest in the fund, nor whether the trustee was in fact negligent in its conduct of the trust. We hold only that the declaration states a good cause of action at law against the defendant.

The judgment of the District Court is reversed, with costs, and the case is remanded to that court for further proceedings not inconsistent with this opinion.