## SINGLETARY v. GENERAL MOTORS ACCEPTANCE CORPORATION.

### No. 7479.

Circuit Court of Appeals, Fifth Circuit.

Nov. 9, 1934.

E. K. Wilcox, of Valdosta, Ga., and Lee W. Branch, of Quitman, Ga., for appellant.

L. E. Pedrick, E. Kontz Bennett, and John W. Bennett, Jr., all of Waycross, Ga., for appellee.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

From a judgment of the superior court of Thomas county, Ga., rejecting its suit against the Citizens' Security Company et al. to recover fifteen Chevrolet cars or their value, the General Motors Acceptance Corporation (GMAC) took an appeal to the Supreme Court of Georgia. On May 9, 1930, it filed its bill of exceptions in the office of J. F. Singletary, clerk of the superior court, but Singletary sent it up only in time to reach the Supreme Court on July 11, 1930. Under the law of Georgia he was required to send it up within ten days from the filing of the bill of exceptions. On January 13, 1931, the Supreme Court dismissed the writ of error on the ground that, because the record was filed too late to be considered during the term to which it was returnable, the court was without jurisdiction to entertain the appeal. General Motors Acceptance Corp. v. Citizens' Security Co., 171 Ga. 891, 156 S. E. 904.

This action was brought August 29, 1932, in the Federal District Court by GMAC to recover damages from Singletary because of his negligent failure as clerk of the superior court to send the record, above referred to, to the Supreme Court within the time required by law. It is the contention of GMAC that but for Singletary's negligence the judgment of the superior court would have been reversed by the Supreme Court, and that upon a new trial it would have been entitled, as a matter of law, to and would have recovered a judgment for the value of its interest in the automobiles involved in the litigation.

The record in the state court suit was filed in evidence, and upon it, together with proof that the judgment sued for in the state court would have been collectible, the district judge, after ruling out testimony offered by Singletary in explanation and excuse of his delay in filing the record in the Supreme Court, directed a verdict and entered judgment for GMAC, not for the full value of the automobiles, but for some $7,000 which it was held represented the value of the interest of GMAC in them.

■ There is no room for argument that the court erred in excluding Singletary's testimony, since any reason for not filing the record within the time required by law is no defense to an action of this sort. Atlantic Coast Line R. R. Co. v. Goergia Sweet Potato Growers Association, 171 Ga. 30, 154 S. E. 698. The only assignments of error that need be considered are: (1) That this suit was barred by the two-year statute of limitations; and (2) that the damages sought to be recovered are too remote and speculative.

■ This suit was brought more than two and less than three years after the filing of the record in the state court case in the Supreme Court. Assuming, without deciding, that the cause of action accrued on the date of filing, in our opinion it was not barred. It is a suit to recover damages for the conversion of personal property, and clearly falls within section 4496(1), Michie's Georgia Code (1926), which provides: "All suits for the recovery of personal property, or for damages for the conversion or destruction of the same, shall be brought within four years after the right of action accrues, and not after." Hill v. Fourth National Bank, 156 Ga. 704, 120 S. E. 1. It is not an action for injury to the person, and so section 4497, the two-year statute, is inapplicable.

■ The question whether as a matter of law GMAC was entitled to recover substantial damages in the state court, as it insists, or whether the eventual recovery of any damages was so uncertain as to be merely speculative, as Singletary contends, depends of course upon the evidence. On June 3, 1927, and for several years prior thereto, S. W. Fleming was a dealer in Chevrolet cars at Thomasville, Ga. He would order cars as he needed them from the manufacturer, and it would make shipments, drawing upon him with bill of lading attached. By an arrangement between Fleming and the manufacturer and GMAC there would also be attached to each draft a bill of sale from the manufacturer to GMAC, attached to which would be a trust receipt to be executed by Fleming in the event he desired credit for a part of the purchase price. By paying approximately 15 per cent. and executing the trust receipt and notes for the balance of the purchase price, Fleming could obtain the bills of lading from the collecting bank. After March 1, 1927, Fleming obtained fifteen cars from the manufacturer upon the credit plan, and executed trust receipts and notes to GMAC for the unpaid part of the purchase price. By the trust receipts, all of which were identical in form, Fleming acknowledged that GMAC was the owner of the cars described therein, agreed not to dispose of any cars until after he had paid it the balance of the purchase price, and to return any cars covered by the trust receipts upon its demand. Prior to March 1, 1927, and before he received the fifteen cars just referred to, Fleming owed approximately $40,000 to the Citizens' Security Company which was also engaged at Thomasville in the financing of automobiles. Fleming's indebtedness to the Security Company began in 1924, and was increased by other loans from time to time. There were no advances of cash by the Security Company after March 1, 1927, except $2,400 on April 1, 1927, which was made upon cars other than the fifteen here involved; but without having paid GMAC any part of the purchase price secured by notes and trust receipts on the fifteen cars in question, Fleming executed security papers covering them to the Security Company. On June 3, 1927, Fleming should have had at his place of business in Thomasville, according to the trust receipts held by GMAC, thirty Chevrolet cars, including the fifteen here involved. On that date an agent of GMAC checked the cars which Fleming had on hand, and discovered a shortage of twelve cars. The agent thereupon seized the fifteen cars held subject to trust receipts and took them into his possession, acting as he supposed upon authority given in the trust receipts. On the same day, and while the cars were in GMAC's possession, the Security Company brought a bail trover proceeding against Fleming and had the sheriff seize them. GMAC thereupon brought an equitable action against Fleming, the sheriff, and the Security Company, to recover the cars or their value, and they were subsequently delivered to the Security Company upon its giving a forthcoming or condemnation bond. The case was referred, under the Georgia practice, to an auditor who found for GMAC;

but upon exceptions his decision was reversed by the judge of the superior court before whom the trial proceeded without a jury to final judgment in favor of the Security Company and the other defendants. As a result of these several proceedings, the judgment of the superior court, and the dismissal of its appeal, GMAC lost possession of the cars, and the right to sue on the condemnation bond. Fleming, although occupying a position adverse to GMAC, testified that the Citizens' Security Company, through its manager Kincaid, knew that he only had an equity in the Chevrolet cars in his possession, and that GMAC "was furnishing them to me." Kincaid testified that in taking security he did not notice on the invoices the entry showing that the cars were being financed by GMAC, but that, if he had, he doubted whether it would have made any difference, because of his confidence in Fleming; and that he did not make any inquiry of GMAC. It is undisputed that Fleming owed GMAC on trust receipts the amount for which it got judgment against Singletary. Neither the trust receipts held by GMAC nor the security papers held by the Security Company against Fleming were recorded until after the litigation in the state court was begun.

The trust receipts held by GMAC were taken for money advanced on the purchase price of cars before delivery by the manufacturer. They evidenced legal contracts which were binding on Fleming. General Motors Acceptance Corporation v. Dunn Motors, 172 Ga. 400, 157 S. E. 627. The sale by Fleming of twelve cars without making the payments agreed upon was a fraud on that contract. As between the parties to it GMAC therefore was in rightful possession of the fifteen cars which were later taken away from it by the sheriff in the bail trover proceeding brought by the Security Company. And the interest and right of possession of GMAC was superior to that of the Security Company because the former's interest was acquired first, and the latter had taken its security or lien in consideration of an antecedent debt. Mashburn v. Dannenberg Co., 117 Ga. 567, 44 S. E. 97; Michie's Code of Georgia (1926) § 4307. The Security Company is not in the position of a subsequent purchaser for value without notice. It is therefore unnecessary to decide whether, as Fleming testified, it had actual knowledge of the prior trust receipts. Its lien being inferior and it not being a subsequent purchaser, it becomes immaterial that the trust receipts by GMAC were not recorded. It was incumbent on GMAC to show on

its appeal to the Supreme Court that there was no substantial evidence upon which the judgment of the lower court could be upheld; for the trial was had before the judge of the superior court without a jury, and his finding upon conflicting evidence was conclusive. In our opinion that judgment should and would have been reversed but for Singletary's delay in sending up the record. The question at issue was almost entirely one of law. There was no conflict in the evidence upon any material issue of fact; under no phase of it could the judgment of the state trial court reasonably have been sustained. On the undisputed evidence GMAC was entitled to recover the amount at least for which it obtained judgment in this case. The District Court did not err in directing a verdict in its favor for that amount.

The judgment is affirmed.