14155

FLEMING v. PIONEER LIFE INS. CO.

(182 S. E., 154)

*Messrs. Johnson & Johnson, Jennings L. Thompson, Arnold R. Merchant* and *L. G. Southard,* for appellant,

*Messrs. Nichols, Wyche & Russell* and *Mann & Arnold,* for respondent,

November 1, 1935.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

Appellant's action is founded upon the allegations, contained in his complaint, that the agent of the respondent insurance company induced him to apply for a policy of insurance on the life of his wife, Mamie Fleming, in which the appellant was the beneficiary; that the agent of the company represented that the policy would be noncancellable except for nonpayment of premiums and if and when appellant ceased to be an employee of the City of Spartanburg; that the master policy was delivered to D. H. Huntsinger, trustee, and a certificate delivered to appellant which did not contain the noncancelable features the agent had agreed to insert in it, and he did not know that the master policy delivered to Huntsinger, trustee, did contain cancellable provisions; that appellant had no notice of the fraud practiced upon him until he received notice of the cancellation of the policy.

The respondent demurred to the complaint for that it did not state facts sufficient to constitute a cause of action for the several reasons set out in the record.

Argument of the demurrer was heard by Judge Stoll, who sustained it in his order of February 7, 1935. In due time plaintiff gave notice of intention to appeal. His case with exceptions was served on respondent's attorney on March 2, 1935. In due time respondent's attorneys served upon appellant notice of certain proposed amendments to appellant's proposed case, of which the second was disallowed. It is in these words: "Between lines 28 and 29 and after the additional grounds of demurrer insert the following, 'The demurrer was argued before Judge Stoll February 4, 1935. During the argument on the demurrer the original certificate No. 11592-GS, sued on in this case, was presented to the Judge by plaintiff's attorneys, and inspected by him in connection with the argument and issues raised by the demurrer.' "

It was referred to Judge Stoll to settle the case for appeal. In his order so settling the case, he allowed the proposed amendment and ordered the certificate printed in the record. In justice to the distinguished Circuit Judge who heard the case and whose eminent fairness and impartiality is well known, we copy the following from his order:

"On account of the many cases that I am called upon to hear at chambers, it is impossible to remember every detail of what was said and done at each hearing and it appears in this case that counsel for both the appellant and the respondent are similarly handicapped, for there is considerable variance appearing in their respective briefs as to what took place before me.

"Of course, on hearing a demurrer to a complaint, the complaint itself must be considered as it is written, without reference to facts not appearing on the face of the pleading. Whether the exhibition of the insurance policy to me had any bearing on my ruling in sustaining the demurrer, I cannot now say, but the fact remains that the insurance policy was submitted to me for my inspection, and that ref-

erence was made thereto in my order sustaining the demurrer.

"I am sure that I would not have perused the insurance policy if objection had been made. No objection was made, and both sides discussed the terms thereof in argument before me. As I now recall, the insurance policy was in the possession of appellant's counsel, was produced by him, extracts read therefrom, and finally submitted to me. Further, if my memory be not at fault, the complaint contained excerpts from the policy or references to the terms of the policy, or perhaps both.

"In order that the Supreme Court may have a full picture of what transpired at hearing before me, I think that respondent's second proposed amendment should be allowed."

From this order plaintiff appeals upon two grounds: (a) That the amendment proposed and allowed does not fully and accurately set forth what transpired at the hearing of the demurrer; (b) that the certificate does not form a part of the complaint, could not be considered on demurrer, and should not be printed as a part of the record at the appellant's expense.

In their brief appellant's counsel assert that the certificate was called for by Judge Stoll and presented by plaintiff's counsel for that reason; and that other certificates were examined by Judge Stoll, among them one which had been presented to and refused by plaintiff. These things do not appear in the record, and for that reason may not be considered by this Court; but there is sufficient in the record to show that the certificate sued on was examined by the Judge, and was not set out in the complaint.

It is elementary that matters not contained in the complaint cannot be considered on deciding a demurrer to the complaint.

For this reason, the order sustaining the demurrer must be reversed.

Inasmuch as the case must go back for hearing, it is proper that we say: In our opinion the complaint sets forth a cause of action, for fraudulent misrepresentations in procuring the policy, and for failure to include in the policy the noncancelable clause which the complaint alleges plaintiff paid for. Of course, it is understood that we are not pasing upon the truth of these allegations. We mean only to say that they are sufficient to entitle plaintiff to an opportunity to prove them: It is not necessary to cite authorities in support of the principle, that, if the complaint states any cause of action, demurrer should not be sustained. The order sustaining the demurrer proceeds, in part, upon the ground that plaintiff was negligent in not inspecting the master policy which was in the name and possession of Huntsinger, as trustee. Negligence is a mixed question of law and fact. We think there are sufficient allegations in the complaint to entitle plaintiff to submit his evidence thereabout if any he has, to the jury.

The orders appealed from are reversed and the case remanded to the Circuit Court for trial.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BAKER and FISHBURNE concur.