COWAN et al. v. TRAVELERS INS. CO.

No. 9597.

Circuit Court of Appeals, Fifth Circuit.

Oct. 22, 1940.

G. Seals Aiken, of Atlanta, Ga., for appellants.

Edgar A. Neely and Edgar A. Neely, Jr., both of Atlanta, Ga., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

By a complaint, overlong and overwordy, appellant sued appellee for the loss caused by appellee's failure to defend a suit which it had assumed to defend and had led plaintiff to believe it was defend-

1016

ing on his behalf. The fact that appellee had issued a policy was pleaded by way of inducement, but the suit was not on the policy nor was it in contract. It was a suit for the damage resulting to plaintiff from the defendant's neglect and failure to perform the obligation, to defend the suit, which plaintiff alleged it had assumed.

The defendant asserting that there was a failure to state a claim upon which relief could be granted, moved to dismiss. The district judge sustained the motion and dismissed the cause. This appeal tests the correctness of that ruling. Here appellant insists that all that was required to be alleged was, (1) that the obligation was assumed by the defendant, (2) was neglected, and (3) damage resulted from the neglect, and that these matters were sufficiently, if inartificially, alleged. Appellee, argues that the pleadings must be taken most strongly against the pleader and that so construed the complaint failed to allege facts showing a duty or a breach of duty with resulting damages.

We cannot agree with appellee. All that is required to be alleged in a suit such as plaintiff brought is that the obligation to defend was assumed by the defendant, that it was neglected and that damage has resulted from this neglect. This, though wordily, is alleged and the dismissal of the suit was error. If plaintiff can show as he alleged, that the defendant through persons having authority to act for it, (1) assumed the defense of the suit against him, (2) neglected to defend it, and that if the suit had been defended the defense would have been successful in whole or in part, he may recover the damages which he can show resulted from the failure to defend. Attleboro Mfg. Co. v. Frankfort Marine Accident & Plate Glass Co., 1 Cir., 240 F. 573; Tiger River Pine Co. v. Maryland Casualty Co., 163 S.C. 229, 161 S.E. 491; James Stewart & Co. v. National Shawmut Bank, 1 Cir., 69 F.2d 694.

We agree with appellee though that it is a part of appellant's case to show that he was actually damaged by the failure to defend and that proof alone of the failure to defend will not suffice. Globe Navigation Co. v. Maryland Casualty Co., 39 Wash. 299, 81 P. 826, relied on by appellant, as of contrary purport, went off on its peculiar facts and is not in point here. But if it is, it is contrary to the law as it is settled in this circuit and elsewhere. Singletary v. General Motors Acceptance Corporation, 5 Cir., 73 F.2d 453. But this is a question of proof. The complaint sufficiently alleged that there was a defense and resulting damage from not asserting it, a judgment against plaintiff with resulting insolvency.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

Reversed and remanded.