18321

M. E. LYLES, Respondent, v. NATIONWIDE MUTUAL
INSURANCE COMPANY, Appellant

(141 S. E. (2d) 106)

*Messrs. Richardson & James,* of Sumter, *for Appellant,*

*C. M. Edmunds, Esq.,* of Sumter, *for Respondent,* 

*Messrs. Richardson & James,* of Sumter, *for Appellant, in Reply,*

March 10, 1965.

BUSSEY, Justice.

The defendant in this action issued to plaintiff a liability policy covering a certain atomobile owned by plaintiff, and while said policy was in force, plaintiff, an employee of the City of Sumter, while driving a car belonging to his employer was involved in a collision with one Kibler, who brought suit against plaintiff for damages sustained. The policy extended coverage, under certain circumstances, to vehicles other than the' one described therein, but the defendant contends that the vehicle driven by the plaintiff at the time of the accident was excluded from coverage by express provisions of the policy. It, accordingly, denied coverage and refused to defend the action brought by Kibler.

Plaintiff thereupon secured his own counsel, paid or became obligated to pay his attorney the sum of $1,500, and the trial of that action resulted in a verdict against the plaintiff in favor of Kibler for the sum of $3,045.00. In the instant action plaintiff sought to recover the aforesaid attorney's fee, the reasonableness of which is not now in issue, and to require the defendant to pay the judgment obtained by Kibler.

The answer of the defendant, in brief summary, after referring to certain provisions of the policy, asserted that the

automobile driven by the plaintiff at the time of the accident was not covered by the policy, and that, hence, defendant was not obligated to defend said action or pay the judgment.

The case came on for trial before the presiding judge of the Third Judicial Circuit upon the pleadings, a stipulation of facts entered into by counsel, and testimony with respect to the reasonableness of the fee charged by plaintiff's counsel. It was further stipulated that the issue of whether defendant was liable for payment of the judgment in favor of Kibler was abandoned by the plaintiff, without prejudice, because a suit was pending in Richland County by Kibler against the defendant involving that particular issue.

The trial court gave judgment against the defendant for the attorney's fees incurred by the plaintiff in the amount of $1,500, together with the costs of this action, and from this judgment the defendant appeals.

The trial judge in his order, after reviewing the defenses interposed by the defendant, expressly refrained from passing upon whether or not the automobile driven by plaintiff at the time of the accident was covered by the policy, but held that the defendant owed the plaintiff the duty to defend the action independently of whether the automobile was so covered, relying upon the authority of *American Casualty Co. of Reading, Pa. v. Howard* (C. A. 4th S. C.) 187 F. (2d) 322, from which decision he quoted.

Most of the exceptions here, as well as the briefs of counsel, are addressed to the question of whether or not the particular automobile was covered by the policy, an issue which the circuit judge expressly refrained from passing upon, and hence, an issue which is not properly before this court.

The one issue properly before us is, whether or not his Honor was correct in holding that the policy, by its terms, created an obligation on the part of the defendant to defend the action brought by Kibler, independently of whether or not the policy covered the automobile driven by the plaintiff at the time of the accident.

The pertinent portion of the policy provision here involved reads as follows:

"Supplementary Payments, Defense, Settlement.

"(2) As respects the insurance afforded under Coverage C(1), C(2), and E(9), the Company shall:

"(a) defend any suit against a person entitled to protection alleging such injury, sickness, disease or destruction and seeking damages on account thereof. Such suit shall be defended even if groundless, false, or fraudulent. The Company may make any investigation, negotiation, and settlement of any claim or suit as it deems expedient."

In brief, coverages C (1) and C (2) of the policy obligate the defendant to pay, within the limits of the policy, all sums which the insured might become legally obligated to pay as damages, property and bodily injury, arising out of the ownership, maintenance or use of an automobile covered by the terms of the policy. When considered in connection with the foregoing, we think it clear that the language quoted above created an obligation on the part of the defendant to defend only if the automobile driven by the the plaintiff at the time of the accident was covered by the terms of the policy.

The case of *American Casualty Co. of Reading, Pa. v. Howard, supra,* relied upon and quoted from by the circuit judge, is, we think, clearly distinguishable. In that case there was no contention that the automobile was not covered by the policy. The particular suit involved sought the recovery of two elements of damage with respect to one of which elements of damage the limit of the policy had been previously exhausted. Under these circumstances, the court held that the duty to defend such suit still remained. That the language of that decision, relied upon by the circuit judge, was applicable to the facts of that case and inapplicable to the facts of this case, we think, is clearly shown by the decision in *C. Y. Thomason Co. v. Lumbermens Mutual Casualty Co.* (1950, C. A. 4th S. C.) 183 F. (2d) 729, wherein it was held that there was no duty to defend when the policy afforded the

insured no protection with respect to the claim of the third party.

The entire weight of authority is to the effect, that defense clauses similiar to the one here involved create no obligation on the part of the insurer to defend when the claim upon which the action against the insured is founded is not within the coverage of the policy. See 49 A. L. R. (2d) 703, *et seq.*, Sections 4 and 5, and the many cases therein cited. Whether or not the defendant here owed the duty of defense and is liable to the plaintiff for his defense expense, is dependent upon the question of whether or not the automobile driven by the plaintiff at the time of the accident with Kibler was covered by the policy.

We hold simply and only that the plaintiff is not entitled to recover attorney's fees from the defendant in the absence of it being determinted that the policy afforded him coverage with respect to such automobile. The judgment of the lower court is, accordingly, reversed and the cause remanded for such further proceedings as the parties may deem appropriate, in the light of the views herein expressed.

Reversed and remanded.

TAYLOR, C. J., Moss and LEWIS, JJ., and LEGGE, Acting J., concur.