STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff,

v.

Betty S. ARNOLD, Administratrix of the Estate of Henry R. Arnold, deceased; Mrs. Edna H. Wilson, Administratrix of the Estate of Leonard Earl Wilson, deceased; One 1965 Plymouth Automobile Bearing S. C. License No. E–21926, and Southern Fire and Casualty Company, Defendants.

Civ. A. No. 67–425.

United States District Court
D. South Carolina,
Spartanburg Division.

Dec. 2, 1967.

Rembert D. Parler, Butler, Chapman & Parler, Spartanburg, S. C., for plaintiff.

George F. Abernathy, Odom, Nolen & Foster, Spartanburg, S. C., for defendant Southern Fire & Casualty Co.

E. Maxcy Stone, Blease, Griffith & Stone, John S. Flynn, Newberry, S. C., Mrs. Edna S. Wilson, Adm'x, etc., Union, S. C., for defendant Betty S. Arnold, Adm'x, etc.

OPINION and ORDER

DONALD RUSSELL, District Judge.

In this action for a declaratory judgment of noncoverage under an automobile liability policy, the plaintiff-insurer has moved to strike certain allegations in the counterclaim of its assured, against whom a judgment considerably in excess of the policy liability limits was rendered on account of the accident for

which the plaintiff asks a decree of non-liability.

The assured's counterclaim sets forth two causes of action. In the first, it seeks recovery of the full amount of the judgment recovered against her, as well as certain costs and expenses, because of plaintiff's refusal in good faith to defend and settle the suit filed against her on account of the accident as required under the terms of the policy of liability insurance issued by the plaintiff. By its second cause of action, the assured seeks recovery of both actual and punitive damages by reason of the alleged negligence and wilfulness in failing to defend or settle the suit filed against her.

Plaintiff has moved to strike the second cause of action plead by the assured. The issue presented by such motion turns on the character of the assured's right of action.

■ It is well-settled that, if an insurer wrongfully denies liability and refuses to defend, it is liable for breach of contract and "for whatever damages follow as a natural consequence and a proximate result of such breach." Fuller v. Eastern Fire & Cas. Ins. Co. (1962) 240 S.C. 75, 89–90, 124 S.E.2d 602, 610; Miles v. State Farm Mutual Auto. Ins. Co. (1961) 238 S.C. 374, 381, 120 S.E.2d 217; Glens Falls Indemnity Co. v. Atlantic Bldg. Corp. (C.C.A.S.C.1952) 199 F.2d 60, 61; Annotation, 49 A.L.R.2d 711;[1] cf. Hartford Acc. & Indem. Co. v. South Carolina Ins. Co. (1967) 249 S.C. 120, 153 S.E.2d 124.

■ It is equally well-settled that, if the insurer, in undertaking the defense of a suit covered by its liability policy, negligently defends or unreasonably refuses to settle within policy liability limits, it is liable in tort to the insured for the amount of the judgment against him in excess of the policy limit. Tyger River Pine Co. v. Maryland Casualty Co. (1931) 163 S.C. 229, 234, 161 S.E. 491, and 170

S.C. 286, 291, 170 S.E. 346; Andrews v. Central Surety Insurance Company (D.C. S.C.1967) 271 F.Supp. 814, 820; Cowan v. Travelers Ins. Co. (C.C.A.Ga.1940) 114 F.2d 1015, 1016; Fidelity & Casualty Co. of New York v. Gault (C.C.A.Miss. 1952) 196 F.2d 329, 330; Lee v. Nationwide Mutual Insurance Company (D.C. Md.1960) 184 F.Supp. 634, 641.

■ But whatever may be the tendency elsewhere, the decision of the South Carolina Court in the *Miles* Case, supra, establishes that, in this State, the two actions are entirely different in character. The first is in contract; the second in tort. One denies coverage; the other concedes coverage. One arises where there is a denial of liability and a refusal to defend; the other rests upon negligence in the performance of the contractual obligation to defend.

In her counterclaim, the assured has sought to incorporate both a cause of action in contract for refusal to defend on a claim of non-coverage and a cause of action in tort for negligence and wilfulness in failing to defend and settle. The plaintiff, contending that the counterclaim, taken with the admitted averments of the amended complaint, shows on its face that such action as the assured has is solely for breach of contract, has moved to strike the entire second cause of action in tort, as set forth in the assured's counterclaim, as insufficient to support a cause of action. This position is in line with the holding in the *Miles* Case and the second cause of action stated in the assured's counterclaim is stricken.

The allegations of the counterclaim, supplemented by the admissions in the answer, show that the assured's right of action for breach of contract is similar to that asserted in Miles v. State Farm Mutual Auto. Ins. Co., supra. Admittedly, the plaintiff never assumed the defense of the action against the assured; on the contrary, it "unequivocally denied

1. Of course, if there is no coverage under the policy, there can be no recovery for breach of contract. Lyles v. Nationwide Mutual Ins. Co. (1965) 245 S.C. 438, 441, 141 S.E.2d 106; C. Y. Thomason Co. v. Lumbermens Mutual Casualty Co. (C.C.A.S.C.1950) 183 F.2d 729.

coverage" from the outset.[2] It accordingly never laid itself open to a suit predicated upon the principles enumerated in Tyger River Pine Co. v. Maryland Cas. Co. (1931) 163 S.C. 229, 161 S.E. 491, and similar cases for negligence in the defense of the action against the assured.

In addition, the plaintiff has sought to strike certain allegations in the assured's first cause of action set forth in her counterclaim. So far as those parts of paragraphs 2, 5, 6 and 7 assailed by plaintiff's motion, such motion is denied.

Plaintiff's motion to strike from paragraph 10 of the assured's first cause of action all references "to the reasonableness of the money demand by way of settlement of the tort action" on the ground of irrelevancy is likewise denied. Whether such allegation is relevant in the action for breach of contract is an issue that should be determined on trial, in the light of the evidence adduced, and should not be resolved on the pleadings. See, Employers Mut. Liability Ins. Co. v. Hendrix (C.C.A.S.C.1952) 199 F.2d 53, 57, 41 A.L.R.2d 424.

The motion to strike the allegations of damages in the assured's first cause of action on account of counsel fees and costs in this action, as set forth in paragraph 10 of the assured's first cause of action, is granted. Such damages are not recoverable in this action. Andrews v. Central Surety Insurance Company, supra, 271 F.Supp. at p. 821; Kern v. Transit Casualty Co. (D.C.Tenn.1962) 207 F.Supp. 437, 442.

In conclusion, it should be pointed out that, except as set forth in the preceding paragraph, nothing herein is intended as a statement of the measure of damages recoverable by the assured on her counterclaim, assuming she is able to establish a breach of contract on the part of the plaintiff.[3]

And, it is so ordered.

---

**2.** Paragraph 12 of the Amended Complaint alleges, "That shortly following the death of the said Henry R. Arnold demand was made upon the Plaintiff by or on behalf of the Defendant, Edna H. Wilson, as Administratrix of the Estate of Leonard Earle Wilson, Deceased, for coverage under said policy, which coverage and liability Plaintiff denied and has at all times denied." By their answers, both the assured and the judgment creditor admit the truthfulness of such allegation.

**3.** See, Miles v. State Farm Mutual Auto. Ins. Co., supra, at p. 382; Landie v. Century Indemnity Co. (Mo.App.1965) 390 S.W.2d 558, at pp. 562–565; State Farm Mutual Automobile Ins. Co. v. Skaggs (C.C.A.Okl.1957) 251 F.2d 356, 359–

360; Goforth v. Allstate Insurance Company of Reading, Pa. (D.C.N.C.1963) 220 F.Supp. 616, 620; American Casualty Co. v. Glorfield (C.C.A.Wash.1954) 216 F.2d 250, 253; Appleman, Insurance Law & Practice, Vol. 7A, p. 489–492; Penn. Thresh. & Farmer's Mut. Cas. Ins. Co. v. Robertson (D.C.N.C.1957) 157 F.Supp. 405, 411, rev. 4 Cir., 259 F.2d 389, cert. denied 359 U.S. 950, 79 S.Ct. 735, 3 L. Ed.2d 683; Comunale v. Traders and General Ins. Co. (1958) 50 Cal.2d 654, 328 P.2d 198, 68 A.L.R.2d 883; Seward v. State Farm Mutual Automobile Ins. Co. (D.C.Fla.1966) 261 F.Supp. 805, 807–808; American Fidelity Fire Ins. Co. v. Johnson (Fla.App.) 177 So.2d 679, 682–683.